HUBER MANUFACTURING COMPANY V. F. M. CLAUDEL.
No. 14,119.   (80 Pac. 960.)
SYLLABUS BY THE COURT.

1. CONTRACTS—*Reformation.*   A written contract from which a material matter has been omitted by mutual mistake may be reformed and enforced in its amended condition.

2. ——— *Formal Reformation not Essential.*   It is not essential that formal reformation of the writing be had before enforcement of the contract as the court finds it should have been made will be ordered.

3. EVIDENCE—*Identification of Letters.*   It is a sufficient identification of letters sought to be introduced against one by whom they are signed that they were received by due course of mail in answer to letters written, addressed, stamped, and posted to such person by the one who afterward received the answers.

4. ——— *Identification of Typewritten Letter.*   It is possible that a typewritten letter, signed in the same manner, may have about it such peculiarities as to enable one who has received several such letters, which he knows came from the one whose typewritten signature is attached thereto, to identify such letter.

Error from Smith district court; RICHARD M. PICKLER, judge.   Opinion filed May 6, 1905.   Affirmed.

*W. R. Clarke, Webb McNall,* and *Quinton & Quinton,* for plaintiff in error.

*Mahin & Mahin,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action to recover from Claudel for certain thrashing machinery sold to him by the Ferguson Implement Company. The Ferguson Implement Company was the agent of the Huber Manufacturing Company.

It seems that one G. J. Ferguson, the president of the Ferguson Implement Company, made an oral contract with Claudel for the sale to him of a second-

hand Avery separator which both parties had in mind and which was to have a thirty-two-inch cylinder. After the contract was made Ferguson came to Claudel and presented to him an order for the machinery and requested him to sign the same, "in order that the machinery might be shipped forthwith." Thereupon the order was signed, it being in words and figures as follow:

"CLAUDELL, KAN., August 29.

"Ferguson Implement Company, Kansas City, Mo.:

"You will please ship at once one second-hand Avery separator, with wind-stacker, self-feeder, and weigher; one Ideal water tank; one Myers low-down pump and hose; one main drive belt, eight inch, four ply, to go with the sixteen-horse-power engine you traded for from Henry Schlousky.

"I agree to pay one-half the freight on separator from Kansas City and give you my note due September 15, 1903, for ten hundred and twenty dollars.

Yours respectfully, F. M. CLAUDEL."

The machinery was duly shipped and received by Claudel, but he was unable to make it work, after thirteen days of trial, with the assistance of a man sent out by the plaintiff, for the reason, as was then discovered, that the separator had a thirty-six-inch cylinder instead of a thirty-two-inch, and therefore exceeded the power of the engine which the defendant had to operate it.. Upon the discovery of this fact the defendant tendered back the machinery and refused to pay for it. The defendant's answer set out these matters in defense, and in a cross-petition claimed damages resultant to him from the failure of an oral warranty which he claimed was made to him as to the character and quality of the machine. He further claimed that the written order which the plaintiff counted upon by mutual mistake omitted to state that the separator was to have a thirty-two-inch cylinder.

A demurrer to so much of the cross-petition as claimed damages on account of the failure of the oral warranty was sustained, and that phase of defend-

:ant's cross-petition was eliminated from the case. The action proceeded to a trial upon the mixed theory that the order counted upon was not a contract made between the parties, but the oral agreement was the true contract, the order having been made simply for the purpose of expediting the delivery. This was alleged in the answer and admitted in a reply; and the further claim that if the written order was the contract the size of the cylinder which the separator was to have was omitted by mutual mistake. However, the judge in his instructions seemed to have confined the attention of the jury to the question of mutual mistake.

It is claimed that error was committed in the admission of evidence to show that there was a mutual mistake made in the written contract or order by its failure to specify the length of the cylinder. This claim is made upon the theory that it was incompetent to change the written contract by parol evidence, and the case of *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867, is cited in support of this claim. This contention is untenable. In that case there was no claim of mutual mistake. It was there claimed by the defendant that the writing which appeared to be complete on its face did not contain all of the agreement beween the parties, but no claim was made that there had been any omission by reason of mutual mistake.

It has been long recognized that a court may supply matters omitted from a written contract either by mutual mistake or fraud, and having supplied such matters may enforce the contract as thus reformed. Nor is it essential that formal reformation shall be directed before enforcement of the contract as the court finds it should have been made will be ordered.

In the progress of the trial the defendant offered in evidence certain typewritten and typesigned letters purporting to have come from the Ferguson Implement Company. Two of them were addressed to Clau-

del and one to J. P. Wheatley, who seemed to have
been acting in some agency capacity for the implement
company at Claudell station. As to two of these let-
ters their admissibility is clearly made out by the fact
that it was shown that they were received in answer
to letters written, properly posted, and sent to the
Ferguson Implement Company. To identify the other
Mr. Wheatley was put upon the stand, and after hav-
ing been shown several letters purporting to have
come from the Ferguson Implement Company, signed
in the same way that the letters offered in evidence
were signed, was asked the following questions:

"Ques. The letters you have identified are letters
you have received in answer to letters that you wrote
to and directed to the Ferguson Implement Company,
are they? Ans. Yes, sir.

"Q. What did you do with the letters that you
wrote to this company? A. I mailed them. Sent
them through the mail.

"Q. With the proper stamps on, and directed to
the Ferguson Implement Company? A. Yes, sir.

"Q. And these letters you have identified are let-
ters that you received in reply? A. In answer to my
letters; yes, sir.

"Q. I will ask you to state whether or not the let-
ter—if the signature to the letter marked 'Exhibit A'
[the letter then sought to be introduced in evidence]
is the signature of the Ferguson Implement Company;
what is your answer? A. It was."

This constituted a sufficient identification of the
questioned letter. For all that is shown there might
have been, and could easily have been, some peculiar-
ity in the manner of writing or the character of the
letters of the typewriter that would serve to identify
the letter by comparison with those he had received
from the company. There might have been an indi-
viduality in the body or signature that would make it
recognizable. The witness testified positively that it
was the signature of the Ferguson Implement Com-
pany; he was not asked to state upon what particulars

his belief was based. We cannot say that abundant basis for identification did not exist.

It is claimed that one of the answers to a special question submitted to the jury is not sustained by the evidence. We are hardly called upon to discuss this question for three good reasons: (1) It is not raised by the assignment of error; (2) it was not called to the attention of the court below in a motion for a new trial; (3) the plaintiff in error made no exceptions to the special findings for any reason, but adopted them by moving for judgment in his favor upon them.

Some criticism is made upon the court's instructions to the jury, but we do not find them faulty in any respect suggested.

The judgment of the court below is affirmed.

All the Justices concurring.