No. 20,859.

THE MINNEAPOLIS STEEL & MACHINERY COMPANY, *Appellant*, v. HENRY SCHALANSKY, *Appellee.*

SYLLABUS BY THE COURT.

1. SALE—*Engine—Mutual Mistake in Contract—Oral Evidence.* Where a mutual mistake in a written contract is alleged and reformation is asked, oral evidence may be introduced to prove the mistake and the contract as it should have been.

2. SAME—*Trial—Demurrer Properly Overruled.* Where a mutual mistake in a written contract is alleged and reformation is asked, and where the evidence is sufficient to show the mistake and the contract, a demurrer to the evidence should not be sustained.

3. SAME—*Motion to Set Aside Finding.* A motion to set aside a finding of the jury should not be allowed where the evidence fairly tends to prove the fact found.

4. SAME — *Mutual Mistake — Instructions.* The law of mutual mistake, as applied to the issues and the evidence in this case, was correctly set out in the instructions.

5. SAME. It is not error to refuse to give an instruction on a matter that is immaterial.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed May 12, 1917. Affirmed.

*A. W. Relihan,* and *T. D. Relihan,* both of Smith Center, for the appellant.

*F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Judgment was rendered in favor of the defendant in an action brought by the plaintiff for the recovery of a traction engine.

The defendant contracted for an oil tractor and agreed to pay $2700 therefor. The contract contained these provisions:

"I agree to accept said machinery on arrival and pay freight and charges thereon from Wichita, Kansas. . . . It is expressly agreed that this order shall not become binding until accepted and approved by an officer of the Minneapolis Steel & Machinery Company."

The printed warranty on the contract contained this provision:

"This instrument comprises the entire contract between the parties hereto, and any verbal representations and agreements outside of or contradictory to the foregoing terms and warranty are hereby agreed to be void for all purposes whatsoever."

The contract provided that the engine should be shipped to the plaintiff at Claudell or Kensington, Kan., and that the defendant would pay $900 in cash and $1800 in promissory notes, due at different times. These notes were to be secured by a chattel mortgage on the engine. The contract also contained this provision:

"This settlement to be held by the Kirwin State Bank Ten (10) Days, at which time Mr. Schalansky can take up the Notes and Mortgage by paying $1500.00 Cash."

By an arrangement made, not shown in the contract, the defendant was to turn over, as part payment, an old tractor engine then owned by him. The new engine was shipped to the plaintiff at Claudell. A representative of the plaintiff went to Claudell to receive and load the old tractor engine, which had been sold by the plaintiff to other parties. A bill of lading for the new engine was sent to the defendant at the Kirwin State Bank. He went to the bank, paid the $900 in cash, executed notes to the amount of $1800.00, gave a chattel mortgage on the new engine to secure the payment of the notes, took the bill of lading to Claudell, and paid $66 freight charges. A difference then arose over the unloading of the engine. After some communication by telegraph, the defendant and the plaintiff's representative, Mr. Quick, unloaded the

engine. The defendant purchased oil to be used in transporting the engine to his father's farm in Dorr Township. Mr. Quick drove the tractor while the defendant rode in an automobile. On the way to the farm, the engine broke through a bridge and fell into the Solomon river. The defendant refused to remove the engine from the river. After some delay, the plaintiff took possession of that engine under the chattel mortgage, and sold it for $1835. The plaintiff sought to obtain possession of the old engine. This was refused, and to recover the possession of the old engine this action was brought.

The defendant pleaded that the words "accept said machinery on arrival and" were, by mutual mistake, left in the order instead of being erased as they should have been, and pleaded that the engine was to be delivered to the defendant at his home in Dorr township, in Smith county. The defendant asked for a reformation of the contract and for judgment for $900, the amount paid on the purchase price of the engine by the defendant, $66 paid for freight, and for $1500 damages.

1. The plaintiff's first complaint is that the court committed error in the admission of evidence. This evidence was that which tended to show that the engine purchased from the plaintiff was to be delivered to the defendant at his father's farm in Dorr township, in Smith county. The defendant stayed at his father's farm. A mistake in the contract was alleged. The evidence complained of tended to prove that mistake and was therefore competent. In 11 Encyclopedia of Evidence the author uses this language:

"The very nature of an action for the reformation of a written instrument renders necessary a departure from the ordinary rule forbidding the admission of parol testimony to vary the terms of a written instrument, and it is therefore held that a plaintiff alleging a mistake in a written instrument and asking for a decree reforming the same, may produce parol evidence to support his contention. (p. 74.)

(See, also, *Conaway v. Gore,* 24 Kan. 389; *Bush v. T. G. Bush & Co.,* 33 Kan. 556, 6 Pac. 794; *Huber v. Claudel,* 71 Kan. 441, 80 Pac. 960; *Griesa v. Thomas,* 99 Kan. 335, 339, 161 Pac. 670; *Moore v. Railway Co.,* 7 Kan. App. 242, 248, 53 Pac. 775; 3 Jones' Commentaries on Evidence, p. 164, 1 Greenleaf on Evidence, 16th ed., p. 426, and 34 Cyc. 982.)

2. The plaintiff demurred to the defendant's evidence and asked that the jury be directed to return a verdict in favor of

the plaintiff, and also requested an instruction to that effect. The defendant's evidence tended to prove that before the contract was signed it was agreed between the defendant and the plaintiff's general agent at Wichita that the engine should be delivered to the defendant at his home in Dorr township. The defendant is a Bohemian by birth and could not read the English language. The plaintiff's general agent, Mr. Howard, read a portion of the contract to the defendant and then stated that the contract was as they had agreed it should be. This evidence, if true, was sufficient to establish the defendant's contention. The evidence was sufficient to compel the court to submit the question of a mistake to the jury. For this reason the demurrer to the evidence was properly overruled; and the request for a directed verdict and the submission of the instruction telling the jury to return a verdict in favor of the plaintiff were rightly refused.

3. The plaintiff insists that the court erred in denying its motion to set aside finding of fact number 8. This finding reads as follows:

"Do you find that the person who wrote the contract of September 3d, 1914, made a mistake by failing to erase a provision of the contract that should not have been included in the contract? A. Yes."

The plaintiff contends that there was no evidence to support this finding. The defendant's evidence on the mistake did not exactly correspond with the allegation of his answer. That allegation was that the words "accept said machinery on arrival and" were by mistake left in the contract, instead of being erased as they should have been. The defendant's evidence tended to prove that the engine was to have been delivered at the farm in Dorr township. If the engine was to have been delivered at the farm the quoted words should not have been left in the contract; they should have been erased, and probably the exact place of delivery should have been inserted in their place. The difference between the allegation and the proof was not sufficient to justify this court in saying that there was no proof to support the finding.

4. The plaintiff insists that the court erred in giving the following instruction:

"You are instructed that if you should find from the evidence that the words, 'Accept said machinery on arrival and,' should have been by agreement of the parties, left out of the contract and were left in the

contract by mistake of the defendant, and that he thought that they had been stricken out and that they were left in the contract, either purposely or by the mistake of. the plaintiff's manager, when they should have been stricken out, this in law would be equivalent to a mutual mistake and should be so considered by you."

If the defendant had been the only party mistaken as to the contents of the written contract, and if the plaintiff had made the representations which the defendant testified were made to him, reformation of the contract was a proper remedy for the defendant the same as though the mistake had been mutual.    (*Cox v. Beard,* 75 Kan. 369, 89 Pac. 671.)

The evidence that supported finding number 8 and that compelled the court to overrule the plaintiff's demurrer to the defendant's evidence and to refuse to give an instruction directing the jury to return a verdict in favor of the plaintiff warranted the court in giving the instruction quoted.

5.   The plaintiff requested the following instruction:

"You are instructed that if the witness, Quick, who testified in this case, was acting outside the scope of his employment and without authority at the time he assisted in driving the engine in question, the defendant can not recover in this action and your verdict must be for the plaintiff."

This was refused, and its refusal is assigned as error. What Quick did in unloading and driving the engine was wholly immaterial, so far as the issues in this action were concerned; and it was, for that reason, not error to refuse to give the instruction requested.

This disposes of all the matters argued in the plaintiff's brief, although the plaintiff argues some of the propositions under other heads.

The judgment is affirmed.

PORTER, J., dissents.