HUGH D. GRANT *vs.* ROBERT H. JACK.

Sagadahoc.    Opinion October 20, 1917.

*Evidence. Admissibility of copies of letters written on same typewriter.*

1. It is a readily observable fact that a typewriting machine develops by use some defects or irregularities in the alignment or position of its type, or in other features, and that such defects or irregularities are inevitably disclosed by the work produced upon such machine.

2. Since it is not probable that any one of such defects or irregularities would occur in precisely the same way in two machines, and that it is well-nigh impossible that two or more of them should do so, it is now well recognized that a typewriting machine may possess an individuality which differentiates it from other typewriting machines, and which is recognizable through the character of the work which it produces.

3. Inasmuch as the work produced upon a typewriting machine affords the readiest means of identifying the machine, no valid reason is perceived why a proven specimen of its work should not be received in evidence for purposes of comparison with other typewritten matter alleged to have been produced upon the same machine.

4.  If a proven specimen of work produced upon a certain typewriter corresponds identically with a disputed specimen in all of several defects, irregularities and imperfections of the work, that fact would be pertinent and material to the · question whether the disputed specimen was produced upon the same typewriter.

5.  In support of his action the plaintiff undertook to prove that the defendant was one of a number of men who unlawfully entered upon his premises in the evening of February 22, 1915 and presented to him a threatening letter written upon a typewriter. As bearing on the credibility of the defendant's testimony denying all knowledge of the letter until after it was delivered, the plaintiff undertook to show that the letter was written on an Oliver Typewriter which the defendant borrowed and took to his home on the same evening and prior to the delivery of the letter; and he offered in evidence a copy of the letter, shown to have been made upon the same typewriter after the defendant returned it.

*Held:*

That the copy of the letter, as a proven specimen of work produced upon the typewriter which the defendant borrowed, was admissible in evidence, for the purpose of comparison with the original letter, on the question of the identity of the typewriter upon which the original letter was written.

6.  It cannot be reasonably held under all the facts disclosed in the case that the plaintiff was not prejudiced by the exclusion of the offered copy.

Action of trespass quare clausum. Defendant filed plea of general issue. Verdict was rendered for defendant. Plaintiff filed exceptions to certain rulings of the Justice presiding relative to the admissibility of certain evidence. Exceptions sustained.

Case stated in opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*George W. Heselton,* for defendant.

SITTING: CORNISH, C. J., KING, BIRD, HANSON, JJ.

KING, J. In support of this action of trespass quare clausum the plaintiff undertook to prove that the defendant was one of a number of men who unlawfully entered upon his premises in Bowdoinham in the evening of February 22, 1915, and presented to him a threatening letter. The verdict was for the defendant, and the case comes up on exceptions.

The plaintiff introduced evidence tending to show that on the evening of February 22 the defendant brought the letter, written on a typewriter, to a number of men assembled in the rooms of the Pythian

building in Bowdoinham where it was partly read by him and partly by his father-in-law, one Frank J. Nichols, and that the letter was taken by the men there assembled, or some of-them, to the plaintiff's house and delivered to him by one Frank P. Brown. The plaintiff's evidence also tended to show that the defendant was recognized by him as one of the men who came upon his premises that evening. The defendant, testifying in his own behalf, denied absolutely that he had any knowledge of the letter before it was delivered to the plaintiff, and further denied that he was on the plaintiff's premises or in the vicinity during that evening. As bearing on the credibility of the defendant's testimony, and as tending to show that he was a participant in the affair, the plaintiff undertook to show that the letter was written on an Oliver Typewriter which the defendant borrowed and took to his own home just before six o'clock of that evening. And at the trial the plaintiff offered a copy of the letter, shown to have been made by a witness upon the same typewriter that the defendant borrowed and took to his home—the copy having been made after the defendant returned the typewriter. The offered copy was excluded, and that ruling is the subject of the plaintiff's exception.

The copy of the letter, as a proven specimen of work produced upon the typewriter which the defendant borrowed, was offered in evidence for the purpose of comparison with the original letter on the question of the identity of the typewriter upon which that letter was written. We think the copy was admissible for the purpose for which it was offered. The basis for its admissibility is the fact, now well recognized, that the work of any particular typewriter, after it has been in use for some time, has a distinctive character determinable with much certainty from an inspection of its work. It is readily noticeable that typewriting machines, after some use, get out of exact alignment, that here and there a letter gets somewhat "off its feet," that slight changes in the spaces between some letters develop, and that certain letters become more or less imperfect. Such defects or irregularities are plainly disclosed by the work the machine does. In Ames on Forgery, page 117, speaking of such defects or irregularities, the author well says: "It is highly improbable that any one even of these accidents should occur in precisely the same way upon two machines, and that any two or more should do so is well-nigh impossible." And in Osborn, Questioned Documents, quoted in the note

on page 861 of Vol. 45, L. R. A. (N. S.) it is said: "The work of any number of machines inevitably begins to diverge as soon as they are used and . . . . it very soon begins to be possible to identify positively the work of a particular typewriter if the writing in question includes clear prints of a sufficient number of the characters and a sufficient amount of genuine writing is furnished for comparison. The principles underlying the identification of typewriting are the same as those by which the identity of a person is determined or a handwriting is identified. The identification in either case is based upon a definite combination of common or class features in connection with a second group of characteristics made up of divergences from normal features which thus become individual peculiarities."

The question presented in the case at bar is perhaps one of first impression in this State. But it has been considered in some other jurisdictions. In *People* v. *Storrs*, 207 N. Y., 147, 45 L. R. A. (N. S.) 860, it appears, that at the trial of the defendant under an indictment charging him with the forgery of an instrument, it was important to the case for the prosecution to establish that the body of the instrument was produced by the use of the defendant's typewriter, and for that purpose the district attorney was permitted, over the defendant's objection and exception, to introduce in evidence, for comparison with the instrument in question, another paper prepared by a witness upon the defendant's typewriter. The defendant's exception to that ruling was overruled, and the court, after reference to certain other cases, said: "These several cases base the rulings which have been mentioned upon the assumption or proof that a typewriting machine may possess an individuality which differentiates it from other typewriters and which is recognizable through the character of the work which it produces. Inasmuch as its work affords the readiest means of identification, no valid reason is perceived why admitted or established samples of that work should not be received in evidence for purposes of comparison with other typewritten matter alleged to have been produced upon the same machine."

We think the fact is patent and well recognized, requiring no expert testimony to establish it, that typewriting machines do develop by use some defects or irregularities in the alignment or position of its type, or in other features, and that such defects or irregularities are inevitably disclosed by the work produced upon such machines. If a proven specimen of work produced upon a

certain typewriter corresponds identically with a disputed specimen in all of several defects, irregularities, and imperfections of the work, that fact would be pertinent and material to the question whether the disputed specimen was produced upon the same typewriter. And we think a proven specimen of the work of a certain typewriter, as the copy offered in evidence in this case was shown to be, is admissible for comparison with a disputed specimen, when the question of the identity of the typewriter upon which the disputed specimen was written becomes material. The following cases support more or less directly this view. *Levy* v. *Rust*, N. J., Eq., 49 Atl., 1017, 1025, *State* v. *Freshwater*, 30 Utah, 442, 85 Pac., 447, and *Huber Mfg. Co.* v. *Claudel*, 71 Kan., 441, 80 Pac. 960.

It was proven in the case at bar that just before six o'clock of the afternoon in question the defendant borrowed the typewriter and carried it to his home, and that his father-in-law, Mr. Nichols, who was visiting him at his home that afternoon, was in the room at the Pythian building and read a part at least of the original typewritten letter. In view of those facts, and that the defendant denied all knowledge of that letter, it was competent for the plaintiff, as bearing on the credibility of the defendant's denial, to show that the original letter was written on that same typewriter. And for the purpose of showing that fact we think the copy of the letter, shown to have been made on the same typewriter, was admissible in evidence for comparison with the original letter. The comparison was to be made by the jury, and it was for them, and not for the presiding Justice, to determine by the comparison if there were defects or irregularities in the typewriting of the original letter which were plainly reproduced in the typewriting of the copy.

It is urged by the defendant that the plaintiff was not prejudiced by the ruling complained of. But we think it cannot be so held under all the facts and circumstances disclosed.

Accordingly the entry must be,

*Exceptions sustained.*