Hickman v. Cave.

---

No. 25,339.

Eva L. Hickman, *Appellee*, v. M. W. Cave et al., *Appellants*.

SYLLABUS BY THE COURT.

1. Pleadings—*Motion to Separately State and Number Causes of Action— Judicial Discretion*. A motion to require a plaintiff's petition to be amended into separately stated and numbered paragraphs is addressed to the trial court's discretion, and its ruling thereon is not subject to review.

2. Same—*Motion to Strike Certain Allegations of Petition*. A ruling denying a motion to strike out certain allegations in a pleading cannot be the basis of reversible- error unless the appellant can show that he was prejudiced thereby.

3. Contract—*Sale of Land—Mistake—Reformation of Contract—Contract Enforced as Reformed*. The well-established rule followed that a court of equity may permit a contract concerning the sale and repurchase of land to be reformed to correct a mutual mistake in its intended terms, or to correct a mistake of one party induced by the fraud of the other, and may enforce the contract as reformed; and the statute of frauds does not prevent the granting of such equitable relief.

Appeal from Shawnee district court, division No. 2; George H. Whitcomb, judge. Opinion filed March 8, 1924. Affirmed.

*J. A. Fleming*, of Topeka, for the appellants.

*John J. McCurdy*, of Lincoln, *Robert Stone, George T. McDermott, Robert L. Webb*, and *Beryl R. Johnson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   This was an action to reform a supplemental writ-
ten contract concerning a sale of land and to enforce the contract
as reformed.

It appears that on March 10, 1921, the plaintiff purchased from
defendants, a partnership, a quarter section of Logan county land,
for $6,000, on term payments. Pursuant thereto plaintiff paid
$1,000 in cash, when the contract was made; $500 in cash in June,
1921, and let the defendants have her share of the crop for 1921
which was sold for $650. The times when the first $3,000 should
be paid were named in the contract, but the times when the further
deferred payments should be made and when final payment would
fall due were not specified.

On November 1, 1921, at the solicitation of one of defendants,
plaintiff and defendants made a supplemental contract in writing,
which recited the making of the original contract and that plaintiff
had failed to make certain payments as originally agreed, and
agreed that an extension of time should be given upon condition that
on or before September, 1922, plaintiff would make certain pay-
ments with interest, and that she would pay the taxes and keep a
certain building insured for the defendants' benefit, and—

"That second party agrees that she will at any time on or before the first
day of September, 1922, accept and will quit claim all of her rights and titles
to the above contract on payment to her of the $1,500 which she has paid and
interest on same at 8% from date that payments were made. (Above con-
tract refers to the contract executed on the 10th day of March, 1921.)

"   .   .   .   That it is expressly agreed that if the payments above provided
for are not made second party shall have no rights under this contract or the
one of March the 10th, 1921."

Plaintiff's petition alleged that this second contract did not set
down correctly the agreed terms of the parties, but through mutual
mistake of the parties, or through mistake on her part and through
fraud on the part of defendants, the true terms of the contract were
omitted; and that the omitted material matter stipulated that if
plaintiff was unable to make further payments the defendants
would return to her the cash payments she had made to them,
$1,500, and interest thereon, in satisfaction for which they would
accept from her a quit-claim deed which she avowed her readiness
to execute. Other details of this contract are not material here.

Plaintiff prayed for reformation of this supplemental contract,

and for its enforcement as reformed, which was in effect a prayer for a money judgment (*Sylvester v. Lynde,* 113 Kan. 450, 453, 215 Pac. 305), and for the cancellation of an installment note given by her pursuant to the original contract.

Defendants filed a motion to require plaintiff to state and number her causes of action separately. This was overruled. They then filed a motion to strike out certain parts of plaintiff's petition. This was overruled. Defendants then filed a demurrer:

"These defendants demur to the said amended petition so far as the same relates to the claim of plaintiff for reformation of said contract to conform to the alleged oral agreement between plaintiff and M. W. Cave."

This demurrer was overruled, and defendants appealed.

Motions to require separate statements and numbering are very largely subject to the trial court's discretion, with the exercise of which an appellate court is not disposed to interfere (*Cribb v. Hudson,* 99 Kan. 65, 160 Pac. 1019); and, indeed, a trial court's ruling on a motion of this sort is no longer subject to review. (*Mullarky v. Manker,* 102 Kan. 92, 95, 170 Pac. 31.)

A motion to strike out parts of a pleading is in effect a demurrer to the part objected to. If the matter is redundant, or irrelevant, it ought to be stricken; but even if the motion is denied, the complaining party must show that the ruling misled, confused or otherwise prejudiced his action or defense, otherwise the technically erroneous ruling is not of sufficient gravity to justify a reversal. (*Harris v. Morrison,* 100 Kan. 157, 163 Pac. 1062; *Mullarky v. Manker,* supra; *Bank v. Grisham,* 105 Kan. 460, 467, 185 Pac. 54.)

The principal complaint, however, is that the plaintiff's cause of action sought to charge defendants with a contract to purchase real estate, and that the agreement of the parties, being oral, was within the statute of frauds, and therefore unenforcible. It is soberly contended, with the apparent but debatable support of some authorities, that where a contract must be in writing to give it validity, no mutual mistake or fraud in its terms can be reformed or corrected and the contract then enforced according to its corrected terms. That doctrine is certainly not the law of this jurisdiction. It is quite true that if a contract which to be enforcible must be in writing is defective or incomplete, its lack of essentials to constitute a binding obligation may not be supplied by parol testimony (*Wing v. Mollett,* ante, p. 116, 222 Pac. 88), but that has nothing to do with the reformation of *prima facie* sufficient con-

tracts for faults which inhere in them because of mutual mistake or mistake of one party induced by fraud of the other. Neither is the statute of frauds a bar to such relief. (*Machinery Co. v. Schalansky*, 100 Kan. 562, 564, 165 Pac. 289; 23 R. C. L. 366.) In *Atkinson v. Darling*, 107 Kan. 229, 191 Pac. 486, the syllabus, in part, said:

"An instrument in writing which admittedly did not correctly recite all the terms of the contract of the parties may be reformed for mutual mistake. . . . " (Syl. ¶ 1.)

In the opinion it was said:

"Furthermore, if indeed the forty acres was to be reserved for the full duration of the lease, and the defendant noticed the mistake of the scrivener at the time the lease was executed, and if he purposely or thoughtlessly kept silent about it, the want of mutuality in the matter of the mistake would not stay the hand of a court of equity to correct the writing, as the attitude of defendant in such case would be treated as a constructive fraud on his part." (p. 231.)

In *Cox v. Beard*, 75 Kan. 369, 89 Pac. 671; it was said:

"The equitable remedy of reformation is not limited to cases of mutual mistakes. Where mistake unmixed with fraud is the basis of the relief sought it must be a mistake common to both parties, but the remedy is available where, by the mistake of one party induced by the fraud of another, there is omitted from a deed land which it was stipulated should be conveyed and which the first party was led to believe was covered by the description written in the instrument." (Syl.)

And when the court in the lawful exercise of its equity powers has reformed the instrument so as to make it recite the actual and intended obligations of the parties, what logical reason could be advanced for refusing to enforce it according to its corrected terms? Of what avail would it ever be to reform an instrument, if the party in whose behalf such equitable relief had been extended could not enforce the instrument thus reformed? Courts do not fritter away their time on bootless concerns which can yield no beneficial results. Our district courts which hold the full judicial power of the state both at law and in equity, with the approval of this court since the foundation of the state, for good cause fully shown, have been correcting mutual mistakes in deeds, mortgages, insurance policies, leases, receipts, and miscellaneous written contracts, and have been enforcing them as corrected and reformed.

In *Huber v. Claudel*, 71 Kan. 441, 443, 80 Pac. 960, it was said:

"It has been long recognized that a court may supply matters omitted from a written contract either by mutual mistake or fraud, and having supplied such

matters may enforce the contract as thus reformed. Nor is it essential that formal reformation shall be directed before enforcement of the contract as the court finds it should have been made will be ordered."

See 4 Kan. Dig. (West Pub. Co.) 3102 *et seq.*; 6 id. 691.

If the contract of November, 1921, were not subject to correction for mutual mistake or fraud and could not be enforced because it did not speak the true intent of the parties, the parties would be relegated to their rights under the contract of March, 1921, and the defendants would then be in the same predicament under that contract as the plaintiff is under the November contract, for until the March contract was corrected in equity by supplying the omitted due dates of the deferred and final payments, the defendants could not enforce it, and the plaintiff could hold the land and snap her fingers at defendants for the balance of their money. In that situation they would probably be invoking the court's equity powers for the same sort of relief here prayed for by plaintiff. The shoe of justice should fit either foot.

The judgment is affirmed.