[Civ. No. 6112. First Appellate District, Division Two.—November 21, 1928.]

SANTORO CINCOTTA, Respondent, v. SANTO CATANIA, Appellant.

George F. Graham for Appellant.

M. F. McCormick and L. N. Barber for Respondent.

STURTEVANT, J.—This is the second appeal in this controversy. (*Cincotta* v. *Catania*, 61 Cal. App. 38 [214 Pac. 451].) The plaintiff inserted in his complaint two causes of action, (1) a common count for money had and received and (2) a common count for money paid. The defendant appeared and answered. He denied the material allegations set forth in plaintiff's complaint and then he set forth an oral contract made on the eighteenth day of October, 1920. The provisions of that contract were that the plaintiff agreed to buy and the defendant agreed to sell and deliver to the plaintiff f. o. b. cars, ten tons of black and green cured olives at twelve cents per pound, packed in thirty-gallon barrels, and to be delivered during the month of December, 1920. The defendant further alleged that at the time the contract was made the plaintiff paid one thousand dollars and that thereafter, on the twenty-third day of December, the defendant tendered the merchandise, but the plaintiff refused to accept it. The defendant further alleged that he had fully performed the contract and that during the month of December, 1920, he was ready and willing to deliver the merchandise as agreed in the contract. Thereupon the defendant further alleges that by reason of the plaintiff's refusal to accept the merchandise he has been damaged in the sum of fourteen hundred dollars. A trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff on both counts contained in the complaint. As to the allegations contained in the defendant's cross-complaint the trial court found that the special contract was made as alleged, but that said contract was rescinded and terminated on November 1, 1920, by the mutual oral agreement of the parties. From a judgment entered on the findings the defendant has appealed under section 953a of the Code of Civil Procedure.

The defendant presents one point and that is that the evidence does not sustain the finding that there was a mutual rescission of the contract. In presenting that point it is the contention of the defendant that the evidence does not show that at any time the parties met and used the identical words "We do mutually rescind the contract heretofore entered into by us on the 18th day of October, 1920." Of course, it was not necessary that they should do so in

order to rescind the contract. A rescission could be proved by other words and acts. Looking into the record it will be found that there is evidence to the effect that on the eighteenth day of October, 1920, the parties entered into a contract whereby the plaintiff agreed to buy and the defendant agreed to sell to the plaintiff, f. o. b. cars, ten tons of black and green cured olives. At a later date, the above contract not having been performed, the parties agreed that the defendant should sell to the plaintiff instead of olives a quantity of dried grapes. Later, that contract not having been filled, the defendant agreed to sell to the plaintiff a quantity of salt and empty barrels as the subject matter of the same sale. At a still later date the defendant refused to perform that contract and the plaintiff elected to commence this action. In taking the course that he took the defendant rescinded when he refused to perform. Thereafter the plaintiff was entitled also to rescind and maintain an action as for moneys had and received. (*Cleary* v. *Folger*, 84 Cal. 316 [18 Am. St. Rep. 187, 24 Pac. 280].) True it is that there was conflicting evidence, nevertheless it may not be said that the evidence was insufficient. An examination of the record discloses that there was an abundance of evidence which, if the court believed it, would justify the finding complained of.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.