[Civ. No. 13947. First Dist., Div. One. Feb. 10, 1949.]

WARD TUCKER, Respondent, v. HARRY C. SCHUMACHER, Also Known as HENRY C. SCHUMACHER et al., Appellants.

Henry W. Schaldach and Franklin A. Plank for Appellants.

Hoffmann & Draper for Respondent.

WARD, J.—This is an action by a contractor for the foreclosure of a mechanic's lien. Plaintiff contracted to erect a market building on land owned by defendant. All of the defendants named as having some right, title or interest in the premises appeal from the judgment in favor of plaintiff.

The complaint alleges a verbal contract to erect the building; that all materials were furnished and the labor performed between January and December, 1946, at the request of Harry C. Schumacher; that the reasonable value of the materials and labor agreed to be paid is $39,858.85; that $30,000 of this amount has been paid, and that $9,858.85 remains unpaid.

In a cross-complaint defendants allege that a written contract by plaintiff and Henry C. and Charles H. Schumacher was executed in the amount of $25,300, to be paid in four installments. This written contract dated November 9, 1945, provided that plaintiff should furnish all materials and labor to construct the building according to certain plans.

The cross-complaint also alleged that the written contract provided that plaintiff should purchase and install a neon sign. The neon sign was installed but it is alleged that the contractor plaintiff and cross-defendant refused to pay for

its purchase and that this necessitated the cross-complainants procuring a loan, to their damage in the sum of $2,500.

Plaintiff's answer to the cross-complaint alleges that the written contract was terminated and rescinded prior to the commencement of the work specified in the complaint and that the plans referred to in the cross-complaint are of a different nature and kind than those referred to in the complaint. In brief, the main question presented is whether there was an abandonment of the written contract and a subsequent "verbal" agreement to erect the building on a cost plus basis.

The first three points presented by defendants are in substance: (1) There is no competent legal evidence to sustain the plaintiff's complaint of abandonment of the original written contract and performance of the work on a cost plus agreement; (2) Plaintiff's own oral testimony and documentary evidence does not sustain plaintiff's complaint for the amount of money prayed for, nor is the judgment sustained by the evidence; (3) The evidence does not support the findings of fact and conclusions of law, and the judgment entered accordingly. Two other points are presented: One of them will be disposed of in the final paragraph of this opinion; the other is the claim that there was error of the trial court in denying defendants' motion for a new trial. The latter contention, in addition to a discussion of the duty of the trial court to have ruled on the motion in favor of defendants, is merely a résumé of the first three points. The real question involved is the sufficiency of the evidence.

There is evidence in the record to sustain the findings. Plaintiff testified that he was and had been a licensed general contractor for 10 years, that in November, 1945, he and Henry C. Schumacher discussed the construction of a store building on defendants' property, and that during that month the contract—a copy of which was attached to defendants' pleadings—was signed by Henry C. Schumacher, his father, Charles H. Schumacher, and plaintiff providing for a total contract price of $25,300 to be paid as follows: 25 per cent upon roughing in, 25 per cent when the roof was on, 25 per cent on completion, and the balance in full 35 days after filing notice of completion. Plaintiff further testified that in December, 1945, he had put in the foundation and laid the four corners. With defendants' consent there was a delay of from four to six months, and when work was resumed the plans were discarded. Plaintiff testified that Mr. Henry C. Schumacher had said,

"I have a contract to do this job in order to borrow money from the bank. Regardless of what it costs I have to go ahead anyway, but if it don't cost that much you will give me the money back and charge me ten percent.'' Plaintiff continued, "So I went ahead on that basis. I had bids from different subcontractors for the whole job. Well, the job was delayed so long that prices went up and Mr. Schumacher got a letter about the price of bricks going up and I said, 'We can't go through for that amount of money,' and he said, 'All right, go ahead on a cost plus basis and we will get the money.' '' Plaintiff and his son, who was a carpenter foreman on the job, testified that all items of labor and materials included in the above bill actually went into the construction of the building, and that the amount billed for each such item was fair and reasonable. There is evidence from other contractors that the various items of money paid for labor and material were "fair," "reasonable," "approximately right," or "much lower than usual." Plaintiff testified that Schumacher never protested any item though the building as erected was 5 feet larger and had numerous changes made under the direction of Schumacher. This testimony was corroborated by several of the foremen for the plumbing, painting and other subcontractors. Plaintiff introduced into evidence the notice of completion filed by Henry and Charles Schumacher on December 11, 1946. It was brought out in cross-examining defendants that the allegations in the answer to the effect that the notice of completion was signed before the building was completed because plaintiff threatened to padlock the building unless it was done were untrue. The evidence established the reasonable value of the work and materials at $39,858.85, and the payment of $30,000, leaving a balance of $9,858.85 due. This is the end of the case unless the parties were legally bound by the written contract.

The court found, "That it is true that thereafter, and before commencement of construction of the building described in the complaint herein, all parties to said last-mentioned written agreement mutually abandoned and rescinded the said agreement.'' The written agreement was the contract first executed. This is not a case involving the alteration of a contract in writing by the execution of an oral agreement. (Civ. Code, § 1698.) ■■■ Where parties do not modify but agree upon new terms it has the effect of ending prior agreements. In other words, an oral novation may extinguish a written contract. (*Pearsall* v. *Henry*, 153 Cal. 314 [95 P. 154, 159].)

■ The question here is whether the old contract was mutually abandoned. It was not necessary to meet and state either in writing or orally that the contract was rescinded. (*Cincotta* v. *Catania,* 95 Cal.App. 99 [272 P. 330].) If the intent to abandon can be ascertained from the acts and conduct of the parties the same result will be attained. ■ Abandonment may be implied from surrounding facts and circumstances. (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 P. 25]; *Lohn* v. *Fletcher Oil Co.,* 38 Cal.App.2d 26 [100 P.2d 505].) Defendants do not deny that a written contract may be abandoned by a subsequent agreement, but deny that an inference of such abandonment may be drawn from the conduct of the parties herein.

■ The legal sufficiency of the evidence and the inferences that may be drawn therefrom to support the finding of abandonment appear in the record. Charles H. Schumacher, the father, testified that he left the details to his son. "Q. It was with your consent that he supervised the jobs from the owner's point of view, is that right? A. Yes, sir, certainly." The written contract provided for a total price of $25,300, payable in four equal installments at fixed periods. The four amounts as fixed each equal $6,325. The fact is that five installments of $5,000 each were paid through a banking depository, and an additional payment of $5,000 was made by defendants. This totals $30,000 instead of $25,000, and the installments were made in six payments instead of four. Contractor's bills for materials plus labor cost were submitted without protest from defendants. Mr. Schumacher was shown the total bill in regard to which the following testimony was given: "Q. Did Mr. Schumacher in that conversation raise any question or dispute as to the amount of your bill? A. Never said one word about it." The completed building is substantially different from the one shown on the general plans under the written contract. On various occasions defendant Schumacher appeared at the construction site and gave directions to workmen. Defendants Henry and Charles Schumacher on December 11, 1946, filed a notice of completion of the building. There is some evidence tending to uphold defendants' side of the issue, but there is ample evidence that the intent of the parties was to abandon the written contract and that is the crucial point in this case. The conduct of the parties, according to the findings, is consistent with the view that the old contract was abandoned and the work performed upon a "cost plus" basis.

 The substance of one of the contentions, that there was a failure to make findings on every essential issue of the pleadings, is refuted by the plan adopted in this case that the findings as set forth in certain paragraphs of the complaint or of the answer were true or untrue. Findings by reference to paragraphs in the pleadings often cause trouble in the disposition of contested cases. Such method has been frequently criticised, but sustained where the facts are definitely set forth in the pleadings. (24 Cal.Jur. § 214, p. 986.) In the present appeal there is a complaint, an answer thereto, a cross-complaint and an answer to the cross-complaint which distinctly set forth that the written contract was abrogated and that the action is based upon a ''verbal'' contract. There is no uncertainty relative to the material and essential facts as set forth in the pleadings, and the findings lead to a definite ascertainment of the facts.

The trial court included in its judgment interest in the amount of $766.79. At the oral argument the plaintiff conceded that this item was excessive in the amount of $107.66. The concession of plaintiff is in accordance with the law. (*Anselmo* v. *Sebastiani*, 219 Cal. 292 [26 P.2d 1].)

The findings, conclusions and judgment are modified by reducing the item of interest $107.66. As so modified the judgment is affirmed, plaintiff to recover his costs.

Peters, P. J., and Bray, J., concurred.