**TELE–KING DISTRIBUTING COMPANY OF LOS ANGELES, Appellant,**

v.

**William A. WYLE, Receiver and Trustee of the Estate of Jack Richards, doing business as Richards Radio & T.V., Bankrupt, Appellee.**

**No. 13990.**

United States Court of Appeals, Ninth Circuit.

Jan. 17, 1955.

Bachrack & Wilson, Herman A. Bachrack, Los Angeles, Cal., for appellant.

Craig, Weller & Laugharn, C. E. H. McDonnell, Frank C. Weller, Thomas S. Tobin, Los Angeles, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

This is a bankruptcy appeal in the affairs of Jack Richards, an individual retail merchant who sold radios and television sets in Los Angeles. William A. Wyle is the receiver and trustee of the bankrupt's assets. He is appellee. The appellant is Tele-King Distributing Company of Los Angeles, Inc.

The controversy concerns twelve television sets which were in the sales room of the debtor at the time of his bankruptcy adjudication. Previously, these sets had been delivered to the bankrupt by the appellant Tele-King. Upon receipt the sets went into Richards' floor stock. We are here concerned with whether the sets at the time of the bankruptcy were on consignment and title

still firmly in Tele-King or whether title (so far as the creditors and the trustee are concerned) had passed to the bankrupt.

The bankruptcy referee held that the television sets were on consignment originally, but that the consignment had been abandoned before bankruptcy, the television sets passing into the assets of the debtor. On review the district court upheld the referee.

Counsel for the appellant Tele-King assures this court that if the decision below is upheld, it "will seriously jeopardize the business community of this circuit". We think not. We see little involved here beyond the value of the particular sets in question.

■■■■ The questions of when is a consignment a consignment, and when is a consignment abandoned, always will be primarily problems of state law. Any time this court determines a question of state law on consignments not yet determined in the particular state involved, such determination ordinarily goes for naught as further precedent when an authoritative state court decision comes out on the same point.

■■■■ It is clear enough that California law recognizes consignments to merchants as valid. Vermont Marble Co. v. Brow, 109 Cal. 236, 41 P. 1031. It is also clear that if the parties intend to abandon a consignment and let the consigned goods pass with title into a merchant's self-owned stock, it can be done just as any contract may be abandoned. Tucker v. Schumacher, 90 Cal. App.2d 71, 202 P.2d 327.[1]

■■■■ In this case, we are not concerned with the niceties of establishing an effective consignment; that is, what formalities must be observed to establish a consignment or to keep a consignment effective, if the parties so intend. The referee and district court have held that the television sets were effectively consigned at the outset. Of this finding Tele-King cannot complain and the trustee has not complained. But then it was found that the consignment was abandoned. There was ample evidence to sustain such finding in the fact that the wholesaler accepted payments (after delivery of the television sets) from the debtor "on account" without the payments matching the wholesale price of any particular set and without Richards, the retailer, or Tele-King, the wholesaler, earmarking the payment as made on the account of the purchase by Richards of any particular set. Of one thing, we can be almost certain. These payments "on account" were not intended as a loan from the now bankrupt to Tele-King and, if not, the payments in the loose manner in which they were made are susceptible of the inference that the parties intended to abandon the original consignment.

Some complaint is made here of the pleadings below. The trustee-receiver's petition for an order for Tele-King to show cause alleges, inter alia, that:

"Receiver is informed and believes and therefore alleges that Tele-King Distributing Company of Los Angeles asserts that the said title to the said television receivers resides with it under an asserted consignment agreement.

"Receiver alleges that he has made an investigation into this matter and is informed and believes and therefore alleges that there was no consignment agreement *and that the title to the said television receivers is in the bankrupt estate and that*

---

1. *Appellant aptly points out that there is no finding of fact of abandonment denominated as such in the findings of fact, but the reference to abandonment is under the conclusions of law of the referee. But it seems clear that the "conclusion" of the referee as to abandonment refers back to specific findings he has made, and that he implies intent to abandon from* such findings as the payments "on account". When the referee says "after April 3, 1951, the consignment arrangement was abandoned by the parties" it seems fair to assume that he meant the parties "intended to abandon", albeit the findings and conclusions seem hastily drawn.

the Tele-King Distributing Company of Los Angeles has no rights in or to the television receivers." (Emphasis supplied.)

The order to show cause, in part, said:

"It is Ordered that Tele-King Distributing Company of Los Angeles be and appear before the undersigned Referee * * * and then and there show cause if any it may have why the prayer of your petitioner herein should not be granted and to further show cause if any it may have why an Order should not be made fixing and determining that the title to the hereinafter-described television receivers is in this bankrupt estate and that they have no right in and to the following-described television receivers:" (Here follows a listing of twelve television sets by number.)

While the allegation that "title" is in the bankrupt estate is a legal conclusion, the record is empty of a showing that wholesaler Tele-King made any effort, as it could have done, to have the receiver allege "how come" title is in the bankrupt estate. We cannot say under the circumstances that Tele-King was without proper notice of the claims of the referee, that Tele-King had no opportunity to meet an issue of abandonment of title, or that it was improper to make a determination of abandonment. Certainly this court is not the place to make the first contention that a statement in pleadings is a legal conclusion. Further, we think that Tele-King construed the pleadings at that time as raising the issues of abandonment, as the record of the referee's hearing will show. There is no doubt that that issue was tried and that both sides presented evidence on that question and contested it fairly. Much of the evidence received without objection could have been material only to abandonment.

It is urged upon us, inasmuch as the evidence before the referee consisted only of documents and the testimony of the bankrupt Richards, that this court is as free as the referee to draw its own conclusions as to the facts. This court, after examining the record brought up, has no conviction that the referee was wrong. Therefore, the scope of permissible review of such evidence by us is not reached.

If Tele-King has been done an injustice herein, and it really did not intend to abandon the consignment, it has only itself to condemn. It did not keep the consignment sharply defined and clear-cut. If others have drawn the incorrect inferences within limits permitted to those who must find facts, those who have found the facts are not to blame.

It should be noted the counsel for both sides in their briefs would have made more effective presentations had they devoted less attention to each other's shortcomings as lawyers. They should know that this is the sort of thing of which a court gets tired.

The orders of the referee and the district court are affirmed.