[Crim. No. 2847. Third Dist. Oct. 28, 1958.]

THE PEOPLE, Respondent, v. GEORGE TORRES, Appellant.

John P. Carson, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

SCHOTTKY, J.—Defendant above named was charged by information with a violation of section 470 of the Penal Code, forgery, it being alleged that he "did willfully, unlawfully and feloniously and with intent to defraud, sign the name of another person or of a fictitious person, knowing that he had no authority to do so and fraudulently make, utter, publish and counterfeit a certain check in the sum of Forty One and 56/100 Dollars with intent to defraud Charles Feist and the Bank of Sonoma County, Forestville Branch, Forestville." He pleaded not guilty, and following a trial, at which he was represented by counsel, he was found guilty. Judgment was pronounced and defendant has appealed from the judgment.

Upon appellant's request that an attorney be appointed to represent him upon the appeal, this court appointed Mr. John P. Carson of the Sacramento Bar. Mr. Carson has in-

formed this court that after an interview with appellant and a careful review of the record, it is his opinion that there are no meritorious grounds of appeal.

We have made a careful study of the entire record and have concluded that the judgment should be affirmed.

█ The only issue upon which an argument could be based was whether or not there was sufficient corroboration of the testimony of the admitted accomplice, Vivian Jean Elliott.

The evidence disclosed that Vivian Jean Elliott, a 17-year-old girl, obtained $300 from her parents' bank account by signing her mother's name to a withdrawal order. She took part of the money and went to Wenatchee, Washington, where she remained from Wednesday, July 31, 1957, to August 3, 1957, when she took a bus and returned to Santa Rosa where she met a friend, Pat Phillips, with whom she spent the day and at whose home she remained overnight. The next day Pat and Vivian, while walking, met a friend of Vivian's family who told her that the district attorney was looking for her. Later she met appellant and she and Pat entered his car and drove around. Vivian told appellant that she had to get out of town and she asked him for the money she had given him before she left for Washington. He did not have it. They then took Pat to her home, after which appellant and Vivian drove to Forestville, where Vivian entered a bank and obtained a blank check. They then drove around and saw the name ''G. D. Winter'' on a mailbox. According to Vivian, appellant later wrote a check payable to the order of Vivian in the amount of $41. He signed the name ''George D. Winters'' to the check. Vivian endorsed the check and cashed it with a merchant she knew. She divided the proceeds with appellant and she returned to Pat's residence to change, and later she and appellant went to Decoto, where they remained at appellant's sister's home until the 28th of August.

Evidence was produced to show that no George D. Winters resided in the county. One G. D. Winter, who had had an account in the bank on which the check had been drawn, had died several years before.

Pat Phillips testified that when she was with appellant and Vivian she overheard a conversation during which appellant told Vivian that the police were looking for her and they (appellant and Vivian) needed to forge checks in order to get out of town. Pat Phillips also testified that appellant told her that she looked innocent enough to cash checks; and testified further that a few days after Vivian was arrested

appellant told her how Vivian got picked up and that he was not worried about getting caught.

Sherwood Morrill, an examiner of questioned documents, testified that Vivian, the endorser of the check, did not write the face of the check. He also testified that there was a lack of sufficient exemplars of appellant's handwriting to enable him to make a positive conclusion, but that he found some acute similarities between the exemplars of appellant's handwriting and the writing on the face of the check. In answer to the question ''Would you say that defendant did not write the check?'' he replied: ''No, on the contrary I certainly cannot say that he did not, but my assumption is that he did, but that I didn't feel that I was afforded a sufficient basis for a positive conclusion.''

The questioned check and the exemplars of appellant's handwriting were introduced in evidence and were before the jury. As stated in *People* v. *Weiskopf*, 60 Cal.App.2d 214, 218 [140 P.2d 201], ''the jury had before them a proven specimen of defendant's genuine handwriting, and were authorized to make their own comparison of this handwriting with that appearing on the affidavit. (Code Civ. Proc., § 1944; . . .)'' The jury evidently was convinced that appellant wrote the face of the check.

We are satisfied that the testimony of the accomplice was sufficiently corroborated and that the evidence was sufficient to sustain the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.