[Civ. No. 6716. Fourth Dist. Dec. 19, 1961.]

EDITH BARBARA SCHERTZINGER, Plaintiff and Appellant, v. RALPH E. WILLIAMS et al., Defendants and Respondents.

Stanford & McDonough and Joseph P. McDonough for Plaintiff and Appellant.

James Edgar Hervey, John W. Burnett and Thomas R. Mitchell for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiff from a judgment for defendants in an action to declare a trust. It was tried jointly with *Estate of Williams, ante,* p. 238 [17 Cal.

Rptr. 716], in which we have this day filed an opinion and order. Separate judgments were rendered so that separate opinions have been filed.

## FACTS

The facts shown by the record before us are substantially as follows: On February 1, 1944, Ernest Rose Williams and Charlotte Everett Williams, husband and wife, executed separate but reciprocal wills, wherein each devised and bequeathed to the other substantially all of his or her property, or in case of predecease of either, then to Charlotte's daughter, Edith Barbara Schertzinger, who is the plaintiff herein. On the same date they executed a written agreement not to revoke said wills.

On March 29, 1948, said husband and wife each made a new will, similar in form, with substantially the same dispositive provisions except that each of said new wills contained a clause in the opening paragraph thereof with the following words, ". . . do declare this my LAST WILL AND TESTAMENT, revoking all former wills by me made, to wit: Will executed February 1, 1944; also the document preventing me from changing my will after the death of my . . ." This clause was immediately followed by the word "husband" or "wife" and the name of the person indicated. Each of the new wills was acknowledged before the same notary public and was witnessed by the same two attesting witnesses. Neither party offered any testimony as to the extraneous circumstances surrounding the making of any of the wills. All parties concede that each of the wills was executed and witnessed in the form required by law and no contentions are made with respect thereto. After trial and argument judgment was rendered for defendants and plaintiff appeals.

## RESCISSION AND ABANDONMENT

Plaintiff contends that there was insufficient evidence to support the trial court's finding that the agreement of February 1, 1944, not to revoke the wills of that date was rescinded by mutual consent of the parties on March 29, 1948. With this we are unable to agree.

It is, of course, true that mutual wills made at the same time and containing the same dispositive provisions are insufficient standing alone to prove that there was an oral contract not to revoke. (*Notten* v. *Mensing*, 3 Cal.2d 469, 477 [7] [45 P.2d 198].) This is because what is there sought to be proven is the existence of a meeting of minds on a matter

respecting which both wills are silent, to wit: agreement not to revoke. Obviously the creation of a different or separate agreement cannot be inferred from mere silence on the subject by both parties. The making of two wills, neither of which mentions an agreement not to revoke simply means that two people have made reciprocal wills, nothing more and nothing less. The reasoning contained in the cited case and in others of similar character is clearly sound but it goes no further than indicated.

 On the other hand, where the subject matter of the agreement, not to revoke, is dealt with in both documents made at the same time, with the same witnesses, a different situation is presented. In the case here at bar we have two wills, each of which directly and unequivocally states that a particular agreement, not to revoke, is abrogated. The wills are witnessed by the same two attesting witnesses and the same notary attaches an acknowledgment to each will. In addition, even a cursory examination of the typing shows the same numerous tiny but identical misalignments and imperfections of certain letters in both documents, quite apparent even to the naked eye. Without burdening the record too much, it can be noted that in each case the capital and small "e" are slightly misaligned, with the capital "E" slightly out of perpendicular. Misalignment of the capital "E" is also noticeable in both documents, as well as the heavier striking at the top, or tip, of the letter "d" and the bottom of the letter "p." These and numerous other oddities could easily have convinced the trial judge that the typing was all the product of the same typewriter. The signatures of the same identical witnesses in each document may well have appeared to the trial judge to have been made by the same pen with the same type of ink. The same observation appears true of the signature of the notary public. Not so apparent because written by two different persons, but still susceptible of comparison as to appearance of identical pen and ink, are the signatures of the husband and wife on both documents. While matters of this kind are commonly relegated to experts who, by reason of technical and scientific appliances and study are usually able to produce more satisfactory demonstrations or opinions, nevertheless, both court and jury have the right themselves to make comparisons of proved documents. (Code Civ. Proc., § 1944; *People* v. *Weiskopf*, 60 Cal.App.2d 214, 218 [7] [140 P.2d 201]; *People* v. *Torres*, 164 Cal.App.2d 621, 623 [1] [331 P.2d 224].) It

has long been recognized that any material object, cognizable by the senses, which has such a relation to the fact in the dispute as to afford reasonable grounds for a belief respecting such disputed fact, may be received in evidence and considered by the judge or jury. (Code Civ. Proc., § 1954.) This, of course, includes typewriting which is part of the document in evidence. (*People* v. *Cline,* 138 Cal.App. 184, 194 [5] [31 P.2d 1095]; *Grant* v. *Jack,* 116 Me. 342 [102 A. 38]; *People* v. *Risley,* 214 N.Y. 75 [108 N.E. 200].)

■ ■ Rescission or abandonment of an agreement may be proven by circumstantial evidence and one of the commonest forms of circumstantial evidence of abandonment or rescission of a contract is the rejection of the existence of the contract by some word or act of one of the contracting parties plus some word or act of the other contracting party assenting to the abandonment or rescission of such contract. (*Local 659 I.A.T.S.E.* v. *Color Corp. of America,* 47 Cal.2d 189, 198 [5-6] [302 P.2d 294]; *McCreary* v. *Mercury Lumber Distributors,* 124 Cal.App.2d 477, 486 [4-5] [268 P.2d 762]; *Unger* v. *Isaacs,* 123 Cal.App.2d 533, 535 [2] [266 P.2d 869]; *Tucker* v. *Schumacher,* 90 Cal.App.2d 71, 75 [3-4] [202 P.2d 327]; *Dessert Seed Co.* v. *Garbus,* 66 Cal.App.2d 838, 847 [9] [153 P.2d 184]; *Jones* v. *Noble,* 3 Cal.App.2d 316, 322 [6] [39 P.2d 486]; *Cincotta* v. *Catania,* 95 Cal.App. 99 [272 P. 330]; *Mettler* v. *Vance,* 30 Cal.App. 499, 500 [158 P. 1044]; *Sarnighausen* v. *Scannell,* 11 Cal.App. 652, 655, 656 [4] [106 P. 117].)

■ Thus, with strong circumstantial evidence that the husband and wife were acting in concert in the making of the wills of March 29, 1948, the trial court was confronted with a mixed question of law and fact, and under such circumstances its decision will not be disturbed. (*Thompson* v. *Municipal Bond Co.,* 23 Cal.App.2d 402, 411 [3] [73 P.2d 274].) ■ Mutual rescission or abandonment is a sufficient consideration for such act by each party bound by the original agreement. (*Sass* v. *Hank,* 108 Cal.App.2d 207, 215 [9-10] [238 P.2d 652]; *Jura* v. *Sunshine Biscuits, Inc.,* 118 Cal.App.2d 442, 447 [3] [258 P.2d 90]; *Honda* v. *Reed,* 156 Cal.App.2d 536, 539 [4] [319 P.2d 728].)

### CONSIDERATION

Defendants contended in the trial court that the original agreement of February 1, 1944, was without consideration and the trial court so found. Plaintiff contends this was error. However, since we have reached the conclusion that the evi-

dence was sufficient to support the conclusion of the trial court that the contract of February 1, 1944, was rescinded, it would make no difference in the judgment and we find it unnecessary to discuss that point. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [6] [2 Cal.Rptr. 609, 349 P.2d 289]; *Post* v. *Palpar, Inc.,* 184 Cal.App.2d 676, 679 [3] [7 Cal.Rptr. 823].)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1962.