JACKSON
vs
WEISIGER.

*Payne & Waller* for plaintiff; *Morehead & Reed* for defendant.

---

## Case.

## Jackson *vs* Weisiger.

*Case* 69.

ERROR TO THE MERCER CIRCUIT.

*Slander. Forgery. Actionable words.*

December 27.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated and judgment of the Circuit Court.

THE Circuit Court having sustained each of four de- murrers to four several counts in an action of slander in- stituted by Dr. Thomas W. Jackson against Dr. Joseph Weisiger, the only question now presented for revision is, whether any one of those counts exhibits a good cause of action.

All the counts aver that *Weisiger* falsely and mali- ciously uttered of *Jackson*, that he had forged a letter pur- porting to have been written by *Weisiger & Fleece* to *John G. Meaux*.

The second count is the only one which attempts to ex- hibit the contents of the letter, and from this it appears to have been commendatory of *Jackson* as an eminent physician, concluding with the following suggestion, ap- parently intended as a corroborative illustration: "Had "we not considered him such, we never would have taken "him, into partnership with us; our association would "have been published long since, but having refused "some one of our near connexions the same favor a sense "of propriety prevented it."

The first and most important question is, whether words imputing to *Jackson* the unauthorized fabrication of that letter could, under any circumstances, be, in

themselves, actionable; and the legal answer depends on the solution of the question whether any such charge should be understood as imputing a crime punishable by the law of the land.

Interpreting the letter on its face, unaffected by any intrinsic fact, it neither imports a transfer or extinguishment of any right, or an obligation for money or other thing, nor purports to have been even designed as evidence of a partnership, to be used for the fraudulent purpose of depriving *Weisiger & Fleece* of their property. The letter purports to have been written for the purpose of repelling imputations injurious to *Jackson,* and of commending him to the favorable consideration of *Meaux;* and, as before intimated, it alludes to a subsisting partnership, apparently for the purpose of illustrating the good opinion thus expressed of his merits.

The fabrication of such a letter, for such a purpose, though very discreditable, would not have been a technical forgery or other criminal offence punishable by either the common or statute law of *Kentucky.*

But if he wrote that letter, and then had either brought or intended to bring a suit to recover from *Weisiger & Fleece* a portion of the profits of their practice, unjustly claimed by him as a co-partner with them, and if, also, he forged *the letter* with the corrupt design of making false evidence in support of that claim, and of thereby fraudulently depriving them of their property, *Jackson* was, in our judgment, guilty of forgery for which he might be infamously punished under a statute of 1814, which denounces such punishment for forging "*any writing*" "*whatever,* whereby fraudulently to obtain the possession" "of, or to cause any person to be deprived of any proper-" "ty whatever."

We do not feel authorized to give to this enactment such an interpretation as would exclude from its denunciation "any writing whatever," forged for the fraudulent purpose of depriving another of his money *by thus making false proof of an unjust title to it.*

We cannot doubt that the forgery of articles of partnership would be embraced by the denunciatory statute of 1814, and we cannot perceive any essential difference

The forging and publishing a letter, representing that the publisher and the individual whose act it purports to be, are partners, not with the design of depriving the latter of his property, is not a criminal offence either by common law or statute.

Nor is it slander to charge one with forging and publishing such a paper without a more specific application of the charge to a case.

JACKSON
vs
WEISIGER.

between the forging of such evidence and the forging of a letter recognizing the partnership. In each instance the object and effect would be essentially the same, that is, to deprive another or others of property unjustly.

But, as the letter in this case does not purport to have been written for any such criminal purpose, the second and third counts are insufficient; because neither of them exhibits any extraneous fact indicating any *illegal* motive.

The first and fourth counts, however, aver that *Jackson*, claiming to be a co-partner with *Weisiger & Fleece*, in the practice of medicine, had sued them in chancery for a third of the profits, and had filed, as evidence, "a letter recognizing" such a partnership. And the fourth count also avers that, in a conversation respecting *that suit, Weisiger* published of *Jackson* that he "had *forged* the letter," and also that he had *written* it *to defraud Weisiger and Fleece.* But the first count, which charges the same words, refers to no *colloquium* whatever, and in charging the slanderous words, does not identify any letter.

It is felony to forge a paper evidencing a partnership, but to charge with forging a letter without saying more, does not necessarily impute a criminal offence, nor to say that a letter was written to defraud another—the charge is too ambiguous and indeterminate.

Charging a person with forging a *letter*, without saying more, does not, in our opinion, either necessarily or according to the presumed understanding of the hearer, impute a criminal offence. The import of such a charge is at least as ambiguous and indeterminate as that of being "a rogue," or "*foresworn;*" and for the like reasons, the charge that a letter had been "*written*" by one person "*to defraud*" another, should not be deemed actionable, slander *per se*, and especially as such a charge does not import that the letter was not in the name of the writer himself.

As, therefore, the first count does not, in any way, refer to any extraneous fact as the subject of conversation, nor sufficiently describe or identify the letter, we cannot presume that the bystanders understood the words charged in that count, as imputing a technical forgery of such a letter, and for such a specific and illegal purpose as to constitute the act a crime punishable by our local law; and therefore, that count also is, in our opinion, insufficient on demurrer.

And the fourth count, though more formal and less imperfect than the first, seems to us to be equally insufficient in its legal effect; for the only *colloquium* to which it refers, was concerning *the suit;* and neither by showing the purport of that conversation nor otherwise, does it create the legal presumption that the persons, to whom the words as charged were published, understood or had ever heard that the letter alluded to had either been used as evidence in that suit or been written for that purpose, or even what letter was intended.

The words as charged in this last count, do not, therefore, in our opinion, import either necessarily or by legal presumption, a distinct and intelligible imputation of a crime, for which *Jackson* might be punished by a public prosecution in the name of the Commonwealth, and this defect cannot be supplied by *inuendo.*

Those words, as charged, are consequently not clearly actionable.

The judgment of the Circuit Court is, therefore, affirmed.

*Turner* for plaintiff; *Harlan* and *Cates & Lindsey* for defendant.