[Crim. No. 164.   Department Two.—June 16, 1896.]

THE   PEOPLE,   RESPONDENT,   *v.*   J.   F.   TURNER, APPELLANT.

CRIMINAL LAW—FORGERY—CERTIFICATE OF RECORDATION OF DEED.—The crime of forgery may be committed under section 470 of the Penal Code, by forging a certificate of recordation upon the back of a deed, with intent to deceive and defraud the grantee named in the deed.

ID.—POSSIBILITY OF FRAUD AND INJURY—ACTUAL INJURY UNNECESSARY.— The possibility that a counterfeit writing might defraud and injure another, in connection with the fact that it was prepared with intent to deceive and defraud another, is sufficient to constitute it a forgery, and it is immaterial whether any person was actually injured by it or not.

ID.—PLEADING—DEFECTIVE COUNTS—INTENT TO DEFRAUD—ARREST OF JUDGMENT—REVERSAL UPON APPEAL.—The intent to defraud is an essential element of the crime of forgery, and is an essential averment in every indictment or information for forgery; and where one of two counts in an information is defective, in omitting such averment, and evidence is introduced under both counts, a general verdict of guilty cannot be referred to the good count only, and a motion in arrest of judgment should be granted, and a judgment of conviction will be reversed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*Knight & Heggerty*, and *George D. Collins*, for Appellant.

The first count is defective, in not alleging the intent to defraud. (Civ. Code, sec. 1573; *People* v. *Mitchell*, 92 Cal. 591; *State* v. *Warren*, 109 Mo. 432; 32 Am. St. Rep. 684; *Commonwealth* v. *Ladd*, 15 Mass. 526; 1 Wharton on Criminal Law, sec. 742; *People* v. *Smith*, 103 Cal. 565; *Drake* v. *State*, 19 Ohio St. 216, 217; *Woodroof* v. *Howes*, 88 Cal. 190; *Feeney* v. *Howard*, 79 Cal. 528; 12 Am. St. Rep. 162.) Where a general verdict is rendered upon a pleading containing two or more counts, and one of them is bad, the judgment must be arrested. (*People* v. *Mitchell, supra; People* v. *Smith*, 103 Cal. 566.) The judgment should have been arrested, because the charge does not come within any provision of the law defining forgery, or the uttering of forgery. (Pen. Code, secs. 134, 470, 471; *People* v. *Mitchell, supra; People* v. *Eppinger*, 105 Cal. 39.) There can be no forgery where a fraud is impossible. (2 Bishop on Criminal Law, secs. 523, 570, 599, 600, 605; *People* v. *Tomlinson*, 35 Cal. 503; *Commonwealth* v. *Hinds*, 101 Mass. 209; *Cunningham* v. *People*, 4 Hun, 457; 1 Wharton's Criminal Law, sec. 697.) Mere intent to deceive is not of any importance. (1 Wharton's Criminal Law, secs. 696, 697, 709; Hammond's Digest, tit. "Forgery," c. 18, p. 102.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

The first count is sufficient. (Pen. Code, secs. 4, 950, 957–60; *People* v. *Rozelle*, 78 Cal. 84.) As the act of defendant was done with intent to defraud, and could have done injury to Frenna, it was forgery. (*People* v. *Munroe*, 100 Cal. 664; 38 Am. St. Rep. 323.)

HENSHAW, J.—The defendant was convicted of the crime of forgery, and from the judgment and from the order denying him a new trial prosecutes these ap-

peals.   The information, it is admitted, contained two counts.   By the first it is charged that the defendant, having in his possession a deed of a piece of realty made and executed by one Lizzie O'Donnell to J. P. Frenna, did "willfully, unlawfully, knowingly, feloniously, falsely, and fraudulently make and forge on the back of said deed a certificate in the handwriting of T. A. Bell, recorder of Fresno county, of the recordation of said deed in the county records of said county of Fresno, which said false, fraudulent, and forged certificate purported to recite that the aforesaid deed had been, to wit, on the twenty-second day of September, A. D. 1892, filed in the office of the county recorder of said county of Fresno for record, and had been recorded in the county records of said county, at a time, in a book, and at a certain page, specified in said false, fraudulent, and forged certificate and handwriting, and which said false, fraudulent, and forged certificate purported to be signed by said T. A. Bell, recorder of said county of Fresno."   By the second count it is charged that the defendant, "well knowing said pretended certificate to be false, fraudulent, and forged, did then and there, to wit, on the fourth day of October, 1892, at the city and county of San Francisco, state of California, willfully, unlawfully, knowingly, falsely, fraudulently, feloniously, and with intent to defraud J. P. Frenna, of the city and county of San Francisco, utter, publish, and pass the same to said Frenna as genuine and true."

The information is framed under section 470 of the Penal Code.   It is contended that the act complained of is not embraced therein, nor known to our law as a forgery.   We think, however, that section 470 is broad enough to cover the offense here charged.   By the terms of that section one who " counterfeits or forges the seal or handwriting of another ". is guilty of forgery.   Fraud and deceit are essential elements to the crime, and unless the counterfeited handwriting be of such a nature that someone might possibly be defrauded by it, the mere fact that it is a false writing is not sufficient

to constitute an offense. But, on the other hand, if the counterfeit writing might possibly deceive another, and was prepared with intent to deceive and defraud another, then it becomes immaterial whether any person was actually injured or not. (1 Wharton's Criminal Law, sec. 743; 2 Russell on Crimes, 9th ed., *774.) It may be readily seen that one might be exposed to fraud and injury by a forged certificate such as this. He might rest under the assurance which the certificate carried with it, that his deed was in fact of record, and be subjected to injury, or perhaps to loss of the property at the hands of the forgers, who might thereafter sell or mortgage to an innocent third person, whose deed was placed on record.

Upon the trial of the cause evidence was introduced under both counts, the jury was instructed upon the law governing both the making and the uttering of a forged instrument, and a general verdict of guilty as charged was returned. It is here contended, as it was in the trial court, both upon demurrer and upon a motion in arrest of judgment, that the first count is radically defective.

The intent to defraud is not only an essential element of the crime of forgery, but it is an essential averment to every indictment for forgery. The first count is radically defective. It is therein merely declared that the defendant did fraudulently make and forge the certificate. It does not allege that the acts were done with intent to defraud any one. In *People* v. *Mitchell*, 92 Cal. 590, a count containing the identical defect was held by this court in Bank to be fatally imperfect.

As evidence was introduced under both counts, as the jury was instructed upon both counts, and as their verdict was general, it is impossible to say whether that verdict was based upon one or the other, or upon both of them. The judgment must, therefore, be reversed. (*People* v. *Mitchell*, *supra; People* v. *Smith*, 103 Cal. 563.)

In this case the attorney general has admitted, as the appellant has contended, that the information contains

two counts. So treating it, the first count is defective, for the reasons above given, while a new trial could not be had upon the second count by reason of the absence of necessary averments of facts.

The judgment and order are therefore reversed, and the cause remanded, with directions to the trial court to sustain the motion in arrest of judgment.

McFarland, J., and Temple, J., concurred.