[Crim. No. 231.   Department One.—May 17, 1897.]

## THE PEOPLE, APPELLANT *v.* WONG SAM, *alias* WONG TAI, RESPONDENT.

CRIMINAL LAW—FORGERY—LETTER TO COLLECTOR OF CUSTOMS.—The crime of forgery, under section 470 of the Penal Code, cannot be predicated upon a letter to a United States collector of customs, purporting to have been written and signed by a person other than its actual author, and containing an assault upon the veracity, reputation and business standing of a Chinese subject then seeking the permission of the collector to land at a port of the United States under the Chinese exclusion act.

APPEAL from an order of the Superior Court of the City and County of San Francisco, sustaining a demurrer to an information. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Appellant.

*Henry C. Dibble* and *Barclay Henley,* for Respondent.

VAN FLEET, J.—Appeal by the people from an order sustaining a demurrer to an information attempting to charge defendant with forgery, in writing and sending to John H. Wise, as United States collector of customs, at the port of San Francisco, a certain alleged false, forged and fraudulent letter, purporting to have been written and signed by one Chin Qu Sing, the interpreter of the police court of the city of Los Angeles, the intent and purpose of which letter was "to influence the judgment of said collector adversely" to the application of one Lu Goon, a Chinese subject, then seeking the permission of said collector to land at said port, under the terms of the Chinese exclusion act, and thereby "defraud said Lu Goon."

Of the reasons suggested in support of the demurrer one is sufficient to sustain the order;—that the paper is not one of which forgery may be competently predicated. The letter purports to be nothing more than an assault upon the veracity, reputation and business standing of the person against whom it was aimed; and, while it might constitute the basis of a prosecution for criminal libel, it is not an instrument which, upon its face, could have the effect to *defraud* within the meaning of section 470 of our Penal Code, defining forgery, according to any interpretation of that or any similar statutory provision which has been called to our attention. (See *People* v. *Munroe,* 100 Cal. 666; *Foulkes' case,* 2 Rob. 836; *Jackson* v. *Weiseger,* 2 B. Mon. 214; *Sherman* v. *State,* 109 Ind. 407.)

Order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.