## PEOPLE v. ELPHIS.

### Cr. No. 962; May 19, 1903.

#### 72 Pac. 838.

**Forgery.**—Where an Information for Uttering a forged check failed to charge that such uttering was with intent to defraud any person, or that defendant at the time knew that the check was false and forged, it was insufficient to sustain a conviction.

**Forgery—Appeal—Reversal for Insufficiency of Indictment.**— Under Penal Code, section 1262, providing that, if a judgment against a defendant is reversed without ordering a new trial, the appellate court must, if he is in custody, direct him to be discharged therefrom, on the reversal of a conviction for uttering a forged check, for insufficiency in the indictment, the defendant, who was in custody, was entitled to be discharged.

APPEAL from Superior Court Contra Costa County; Wm. S. Wells, Judge.

B. F. Elphis was convicted of forgery and he appeals. Reversed.

John O'B. Wyatt for appellant; U. S. Webb, attorney general, and E. B. Powers, deputy attorney general, for the people.

SHAW, J.—This is an appeal by the defendant from a judgment of conviction on a plea of guilty. The charge is that the defendant, at the time and place alleged, did "feloniously, willfully and unlawfully, falsely utter and pass to

one Louis Grunauer a certain false, forged and counterfeit check as a true and genuine check of one F. C. Wright on the First National Bank of Fresno . . . . for the payment of thirty-eight dollars which aforesaid check then and therein the words and figures, to wit: 'Fresno, Nov. 15, 1901.   No. 24.   The First National Bank pay to the order of J. H. Wilder, thirty-eight $38.00 dollars.   [Signed] T. C. White. Endorsed, J. H. Wilder.'   Contrary,'' etc.

It is admitted that the information is fatally defective because it neither charges the intent to defraud any person, nor that the defendant at the time knew that the check was false and forged: People v. Mitchell, 92 Cal. 590, 28 Pac. 597, 788; People v. Turner, 113 Cal. 278, 45 Pac. 331; People v. Smith, 103 Cal. 563, 37 Pac. 516.   It appears from the record that the defendant is in custody.   Section 1262 of the Penal Code provides that, ''if a judgment against a defendant is reversed without ordering a new trial, the appellate court must, if he is in custody, direct him to be discharged therefrom.''   The defendant appears to be entitled to a discharge, and the section quoted, on the face of it, does not give this court discretion to do otherwise than discharge him.   It is possible that the errors which require a reversal are not substantial, with respect to the actual guilt of the defendant, but might be cured by another information.   The defendant pleaded ''Guilty.''   If prosecuted again, it should be upon a new information after another preliminary examination.

The judgment of conviction is reversed, without prejudice to another prosecution if the district attorney thinks it advisable, and it is ordered that the defendant be discharged from custody upon the present charge.

We concur: Angellotti, J.; Van Dyke, J.