[Crim. No. 106.    Second Appellate District.—December 31, 1908.]

## THE PEOPLE, Respondent, v. GILBERT E. COLLINS, Appellant.

CRIMINAL LAW—FORGERY—ALTERATION OF CLEARING-HOUSE CERTIFICATE—ILLEGALITY OF ISSUE IMMATERIAL—GIST OF CRIME.—Upon appeal from a judgment of conviction of forgery in altering and changing a clearing-house certificate issued by a city clearing-house, this court need not pass upon the question of the legality or illegality of the issue, or as to whether it was issued as money, in violation of express prohibition, for reasons of public policy. It is sufficient that upon the face of the altered certificate it will have the effect to defraud or injure those who may act upon it as genuine; and the alteration of the certificate with intent to defraud is the gist of the crime charged.

ID.—MATTERS FOREIGN TO PROSECUTION FOR FORGERY — CONTRACTS "AGAINST PUBLIC POLICY"—IMMATERIAL DISTINCTION — ILLEGAL ISSUANCE OF BILLS AS MONEY.—The question as to what contracts are void "as against public policy," or for other reasons, relates to matters wholly foreign to a prosecution for forgery. In considering contracts "void as against public policy," there is no distinction between what the statute forbids for reasons of public policy not expressly stated, and that which is forbidden for reasons expressly declared, such as the prohibition against the illegal issuance of bills as money, which is prohibited purely for reasons of public policy.

ID.—CHARGE OF FORGERY AND UTTERING FORGED INSTRUMENT—INFORMATION NOT DEMURRED TO FOR DUPLICITY—UNTENABLE OBJECTIONS UPON APPEAL.—When the information charged both the forging and the uttering of the forged instrument, and the demurrer to the information did not present the ground of duplicity, that objection cannot be urged upon appeal for the first time, as against the verdict.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Wm. Rex, and G. W. Crouch, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Appellant' was convicted of the crime of forgery. The information charged the offense to have been committed by altering and changing from $1 to $10 a certain due bill, writing obligatory and clearing-house certificate issued by the Los Angeles clearing-house; and the form of the verdict of the jury was guilty as charged.

It is contended in support of this appeal (1) that the instrument alleged to have been forged is void; and (2) that the information charges both forging and uttering of a forged instrument, and that a verdict of guilty as charged leaves in doubt the question which of the two crimes was committed.

It is not necessary to pass upon the question of the legality or illegality of the "scrip" issue in order to sustain the judgment from the first attack. As said by the supreme court of this state in *People* v. *Munroe,* 100 Cal. 664, 670, [38 Am. St. Rep. 323, 35 Pac. 326] : "As to what contracts are against public policy, or *ultra vires,* or void as creations under unconstitutional statutes, we think matters entirely foreign to a prosecution for forgery. In the examination of such grave and abstruse questions, the criminal element of the case would soon be lost to view." Again, in the same opinion, it is said : "It is apparent that the character of the writing is quite insignificant when placed in the balances opposite the other element—the intent to defraud. . . . The essential ingredients of the crime of forgery are: 1. A false making of some instrument; 2. A fraudulent' intent; 3. If genuine, the writing might injure another. The third element stated is expressly recognized by this court to be the true test as to the nature of the writing." The language used in some of the cases "to the effect that the writing, if genuine, must be sufficient to form the basis of a legal liability, . . . is not the true test. . . . A forged contract', even though it covers a subject matter which makes it void, as against public policy, upon its face may present such an appearance, that, if genuine, it might injure another, and such a one satisfies the test which we have laid down."

The same rule is laid down in *People* v. *James,* 110 Cal. 155, [42 Pac. 479]. In the opinion in that case appears a further quotation from the Munroe case, which answers another posi-

tion taken by appellant: "The question is whether *upon its face* it will have the effect to defraud those who may act upon it as genuine, or the person in whose name it' is forged. It is not essential that the person in whose name it purports to be made should have the legal capacity to make it, or that the person to whom it is directed should be bound to act upon it, if genuine, or have a remedy over."

In the consideration of the term "against public policy," as used in the decisions quoted from, we see no reason to draw any distinction between those matters which the statute forbids to be done for reasons of public policy, without expressly so stating, and those particular matters as to which the reason is declared by the statute. Forgery, or the making or uttering of a forged instrument, is forbidden, and the illegal issuance of bills as money is prohibited, purely for reasons of public policy, so that' the language used in *People* v. *Munroe* is clearly applicable to the case at bar. The alteration of the certificate with intent to defraud is the gist of the crime charged.

The demurrer to the information did not raise the objection that two offenses were charged, and the verdict cannot now be attacked on the ground of the duplicity of the information. We see no error in the record.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 1, 1909.