[Crim. No. 125.    Second Appellate District.—April 26, 1909.]

## In the Matter of the Application of GERTRUDE DRIGGS for a Writ of Habeas Corpus.

CRIMINAL LAW—FORGERY—UTTERANCE—DELIVERY TO NOTARY—SUFFICIENCY OF COMPLAINT BEFORE MAGISTRATE.—A complaint for forgery and utterance of the forged instrument filed before a magistrate is sufficient, when the instrument alleged to have been forged was such as might be made the basis of a fraud after utterance, and the delivery of the instrument to a notary public was a representation of its genuineness and an utterance of the alleged forged instrument in contemplation of law. Such delivery to a public officer cannot be said to be a delivery to a private agent.

ID.—RECORD OF FORGED INSTRUMENT.—The record of the forged instrument, by whomsoever requested, was constructive notice of such record, and in the absence of a disavowal thereof, might be regarded by the magistrate as evidence tending to show a ratification or adoption of the act.

ID.—DEATH OF PRINCIPAL—EXPERT EVIDENCE OF OFFENSE—PRELIMINARY PROOF NOT REQUIRED.—After the death of the principal whose name was forged, expert evidence was admissible to establish the

offense without preliminary proof of the absence of authority to sign the name of the person sought to be charged.

ID.—HABEAS CORPUS.—Upon an application for a writ of *habeas corpus* after a commitment by a magistrate for a felony, the court will not enter into an examination of the record to determine whether or not the testimony in its opinion warrants the commitment, but can only examine the record to determine whether or not the testimony tends to show the commission of an offense and petitioner's criminal connection therewith, from which the magistrate is warranted in inferring a reasonable probability of the petitioner's guilt.

APPLICATION for a writ of *habeas corpus* to determine the legality of a commitment by a magistrate to the sheriff of the County of Los Angeles.

The facts are stated in the opinion of the court.

C. F. McNutt, and Noleman & Smyser, for Petitioner.

J. D. Fredericks, District Attorney, and W. J. Ford, Deputy District Attorney, for Respondent.

THE COURT.—The complaint filed before the magistrate was sufficient. The instrument alleged to have been forged was such as might be made the basis of fraud after utterance. (*People* v. *Collins,* 9 Cal. App. 622, [99 Pac. 1109], and cases cited.) The delivery of the instrument by petitioner to the notary public was a representation of its genuineness and an utterance of the alleged forged instrument in contemplation of law. Such delivery to a public officer cannot be said to be a delivery to a private agent. (*Homan* v. *Wayer,* 9 Cal. App. 123, [98 Pac. 80].) The record of the instrument, by whomsoever requested, was constructive notice of such record, and the absence of a disavowal thereof might be regarded by the magistrate as evidence tending to show a ratification or adoption of the act. The expert evidence, under the circumstances of the case—the death of the principal having intervened—was competent to establish the offense without preliminary proof of absence of authority to sign the name of the person sought to be charged.

In applications for writs of this character, we will not enter into an examination of the record with a view of determining whether or not the testimony, in our opinion, warrants

the commitment, but rather into an examination of the record to determine whether or not there was testimony from which the examining magistrate was warranted in acting. In other words, is there evidence in the record tending to show the commission of an offense and petitioner's criminal connection therewith from which may be inferred a reasonable probability of the petitioner's guilt?

Writ denied.