[Crim. No. 370.    Second Appellate District.—January 15, 1915.]

## In the Matter of the Application of BABE CLIFTON for a Writ of Habeas Corpus.

Criminal Law—Perjury—Indictment—When not Subject to Attack on Habeas Corpus.—In a prosecution for perjury an indictment charging that the perjury was committed in giving, under oath, false answers to questions propounded to the defendant by the grand jury, the subject under investigation by said body at the time being "Prostitution in the city of Bakersfield," is not subject to attack on *habeas corpus* on the ground that it does not state a public offense, because prostitution being a misdemeanor it was not a subject concerning which the grand jury was empowered to investigate, and hence that perjury could not be predicated on the answers of the witness. As the indictment was susceptible of amendment by striking out the words "Prostitution in the city of Bakersfield," and substituting therefor the word "pandering," the latter being an

offense which the grand jury might properly investigate, it could not be said that the answers given by the witness were immaterial.

ID.—SUFFICIENCY OF INDICTMENT—HABEAS CORPUS.—The true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.*

APPLICATION for a Writ of Habeas Corpus originally made in the District Court of Appeal for the Second Appellate District and directed to the Sheriff of Kern County.

Thomas Scott, Sr., and J. R. Dorsey, for Petitioner.

Rowen Irwin, District Attorney, and J. H. Farraher, for Respondent.

THE COURT.—The ground of the application is that the indictment charging petitioner with the crime of perjury fails to state a public offense. This by reason of the fact that it is alleged in the indictment that the perjury was committed by petitioner in giving under oath, false answers to questions propounded to her by the grand jury, the subject under investigation by said body at the time being "Prostitution in the city of Bakersfield"; that prostitution being a misdemeanor only, it was not a subject concerning which the grand jury was empowered to investigate. Hence, conceding the answers of the witness to have been false, the crime of perjury could not be predicated thereon. The crime of pandering, an offense which the grand jury might properly investigate, is so closely allied to prostitution that it would be impossible to investigate that subject without considering the question of prostitution; and if the indictment was susceptible of amendment, as no doubt it was, by striking out the subject, "Prostitution in the city of Bakersfield," or substituting therefor the offense of pandering, it could not be said the answers given by the witness were immaterial. In our opinion, the case falls directly within the rule laid down by the supreme court in *Matter of Ruef*, 150 Cal. 665, [89 Pac. 605], the claim there made being, as here, that the indictment failed to state a public offense, and wherein the court said: "We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to

proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.* Here the indictments clearly attempt to charge extortion, a crime defined by section 518 et seq., of the Penal Code, and within the jurisdiction of the superior court.'' The indictment under consideration clearly attempts to charge an offense of which the court has jurisdiction, and conceding it to be insufficient for the reasons urged, the attack thereon should be made by demurrer, for which the writ of *habeas corpus* should not be substituted.

The writ is dismissed and petitioner remanded to the custody of the sheriff.