[Crim. No. 1252.   Second Appellate District, Division One.—July 3, 1925.]

## In the Matter of the Application of T. S. WILLIAMS for a Writ of Habeas Corpus.

[1] CORPORATE SECURITIES ACT—SECTION 13—CONSTRUCTION.—Section 13 of the Corporate Securities Act (Deering's Gen. Laws, 1923 ed., Act 3814) provides penalties which cover illegal issuance of securities, and does not apply to the act or business of selling securities after they have been issued.

[2] CRIMINAL LAW — CORPORATE SECURITIES ACT — SALE OF PROPERTY WITHOUT PERMIT—INFORMATION—HABEAS CORPUS.—Where a defendant was charged by an information with a violation of the Corporate Securities Act by selling to a named person a specified interest in certain gas contracts, plans, etc., without having obtained from the state corporation commissioner a permit so to do, and it was adjudged by the superior court that he be punished by imprisonment in the state prison, alleged defects in the information, such as that the information did not charge that the gas contracts covered undeveloped property, that it did not charge that the security was offered to the public, and that it did not charge that the alleged sale was made in the course of repeated and successive transactions of like or similar character, cannot be recognized as a ground for relief of the defendant in a *habeas corpus* proceeding directed against a judgment of the superior court.

[3] ID.—PLEADING—HABEAS CORPUS—COURTS.—Where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*. While this rule is not applied to courts of inferior, as distinguished from courts of general, jurisdiction, it does apply to the superior courts.

[4] ID.—SALE OF PROPERTY—ATTEMPT TO STATE OFFENSE—DEFECTS IN INFORMATION — HABEAS CORPUS. — Where an information attempted to charge the commission of an offense, in the selling of property, in violation of the Corporate Securities Act, the remedy by *habeas corpus* is not available to a defendant who was charged and imprisoned under such an information, notwithstanding such

1. Blue Sky Laws, notes, 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331; 40 A. L. R. 1014.
3. See 13 Cal. Jur. 232; 12 R. C. L. 1190.

information may have been defective in failing to show, among other things, that the defendant in selling the property was acting as a broker and did not have a broker's license.

(1) 37 C. J., p. 278, n. 65.    (2) 29 C. J., p. 42, n. 33.    (3) 29 C. J., p. 42, n. 33, p. 44, n. 45.    (4) 29 C. J., p. 42, n. 33.

PROCEEDING in Habeas Corpus to secure release from custody for violation of Corporate Securities Act. Writ discharged and petitioner remanded.

(Editor's Note: A like application to the supreme court was denied on July 23, 1925.)

The facts are stated in the opinion of the court.

Mulligan & Ryzek for Petitioner.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CONREY, P. J.—The return to the writ shows that the sheriff of the county of Los Angeles holds the petitioner in custody by virtue of a commitment out of the superior court of Los Angeles County in an action of the *People* v. *T. S. Williams.* The judgment in that action, as shown by the commitment, recites that in an information filed in said court the defendant was charged with the crime of "Violation Corporate Securities Act, a felony," and that he pleaded guilty as charged in said information. Thereupon the court adjudged that the defendant be punished by imprisonment in the state prison of the state of California, at San Quentin, for the term prescribed by law, and remanded him to the custody of the sheriff, to be by him delivered into the custody of the warden of said prison.

Petitioner contends that his detention by the sheriff is illegal in this, that the statutory provisions under which he was informed against and sentenced and imprisoned are unconstitutional and void; that the superior court has no jurisdiction of his person or of the subject matter of the charge; that the information does not charge a public offense; that the sentence and judgment is void; that the court had no jurisdiction or right or authority to impose a prison sentence or a sentence of any kind upon the defendant.

The information accused the defendant "of the crime of Violation Corporate Securities Act, a felony committed as follows: That the said W. M. Williams and T. S. Williams on or about the 21st day of May, 1924, at and in the county of Los Angeles, State of California, did wilfully, unlawfully and feloniously sell to Anna S. Aldahl a one one hundred twenty-fifth (1/125) undivided interest in certain gas contracts, plans etc., situated in the Torrance-Lomita Oil Fields, without having obtained from the State Corporation Commissioner a permit so to do."

The case thus presented requires an examination and consideration of the terms of the Corporate Securities Act. (Deering's Gen. Laws, 1923 ed., Act 3814.) This act was adopted in the year 1917, and was amended in 1919, 1921 and 1923. Section 14 reads, in part, as follows: "Penalty for officers, etc. Every officer, agent, or employee of any company, and *every other person, who* knowingly authorizes, directs, or aids in the issue or sale of, or issues or executes, or *sells,* or causes or assists in causing to be issued, executed, or sold, *any security,* in nonconformity with a permit of the commissioner then in effect authorizing such issue, or *contrary to the provisions of this act,* or of the constitution of this state, . . . or who, in any other respect, wilfully violates or 'fails to comply with any of the provisions of this act, or who, in any other respect, wilfully violates or fails, omits, or neglects to obey, observe, or comply with any order, permit, decision, demand, or requirement, or any part or provision thereof, of the commissioner under the provisions of this act, *is guilty of a public offense* and shall be punished by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding two years, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment." We have emphasized the words most definitely applying to the information against petitioner.

Section 2 undertakes to define some of the words used in the act. Among other things, it says: "The following words have in this act the signification attached to them in this section, unless otherwise apparent from the context: . . . 3. The word 'company' includes all domestic and foreign private corporations, associations, joint stock companies, and partnerships, of every kind, trustees, as hereinafter defined,

and also individuals as hereinafter defined; excepting therefrom: . . . '' (The exceptions are not pertinent to any question here presented.)

Subdivision 5a of said section reads as follows: ''The word 'individual' in so far as it is included in the definition of a 'company,' includes only persons selling, offering for sale, negotiating for the sale of or taking subscriptions for any security as hereinafter defined in subdivision six *a* of this section, of their own issue.''

Subdivision 6a of section 2 reads as follows: ''The word 'security,' in so far as it applies to 'individuals,' includes: (a) Any instrument offered to the public by an 'individual' evidencing or representing any right to participate or share in oil, gas or other hydrocarbon substances or other minerals of any sort, as yet undeveloped, or in the proceeds of sale thereof; (b) All bonds, debentures and evidence of indebtedness offered to the public by an 'individual.' ''

Subdivision 9 of said section 2 reads in part as follows: ''The word 'broker,' as used in this act, includes every person or company, other than an agent, who shall, in this state, engage either wholly or in part in the business of selling, offering for sale, negotiating for the sale of, or otherwise dealing in any 'security' or 'securities' issued by others, or of underwriting any issue of 'securities,' or of purchasing such 'securities' with the purpose of reselling them, or of offering them for sale to the public. The word 'securities,' as used in this paragraph, includes the following 'securities' issued by 'individuals':

''Any instrument offered to the public by an 'individual' evidencing or representing any right to participate or share in oil, gas or other hydrocarbon substances or other minerals of any sort, as yet undeveloped, or in the proceeds of sale thereof;

''All bonds, debentures and evidence of indebtedness offered to the public by an 'individual.'

''The following are excepted from the provisos of this paragraph:

'' (a) Any owner of any security who is not the issuer or an underwriter thereof, who sells or exchanges the same for his own account; provided, that such sale or exchange is not made in the course of repeated and successive transactions of like or similar character by him; . . . ''

The word "agent," in subdivision 9, refers to an agent of a company or broker, as defined by subdivision 8.

Section 3 provides, among other things, that no company shall sell any security of its own issue until it shall have first obtained from the corporation commissioner a permit so to do. Section 5 provides that "no person or company shall act as an agent or broker until such person or company shall have first applied for and secured from the commissioner a certificate, then in effect, authorizing such person or company so to do. . . ."

Under his proposition that the court had no jurisdiction to impose upon him a prison sentence, it is the contention of petitioner that the information attempts to charge him with commission of the alleged felonious act, not as an individual in the ordinary sense of the word, but as a corporation or "company" under those provisions of the act which under stated circumstances define the word "individual" as one included within the word "company," as defined in subdivision 3 of section 2. He therefore, as we understand the argument to be, contends that the judgment purports to be based upon conviction of an act done by him as a "company," and that therefore he could not in any event be punished by imprisonment, since the only punishment for a "company" violating the act is by a fine, as provided by section 13 thereof. [1] It is a sufficient reply to this argument, that said section 13 provides penalties which cover illegal issuance of securities. That section does not apply to the act or business of selling securities after they have been issued. Petitioner was not charged with the doing of any act prohibited by section 13. The charge was that he sold the described property, contrary to the provisions of the act. Such selling, by any person, is declared to be subject to punishment as provided by section 14. Therefore we shall consider the present matter further solely upon the theory that the purported offense, to which petitioner pleaded guilty as charged in the information, related to something done by him as a natural person and not to something done by an "individual" acting as a "company" within the definition of those terms in the statute.

Petitioner also contends that the alleged acts set forth in the information would be denounced by the statute as a crime only if the instrument was offered to the public, and

only if the instrument represented a right to share in gas "as yet undeveloped"; and that the act of selling the security would not be a crime unless the sale was made in the course of successive transactions of similar character by the defendant. Based upon this construction of the statute, petitioner claims that, assuming that the statute is in all respects valid, the information failed to charge him with the commission of a crime even under the terms of the statute, because it does not charge that the gas contracts covered undeveloped property, and because it does not charge that the security was offered to the public, and because it does not charge that the alleged sale was made in the course of repeated and successive transactions of like or similar character.

[2] But on the assumption that none of the provisions of the statute, under which the defendant was prosecuted, are unconstitutional, we find that the information attempts to charge a crime, in that the defendant violated the Corporate Securities Act by selling the described property without having obtained from the state corporation commissioner a permit so to do. While the fact that the information may be defective in the particulars above suggested might have required a ruling in defendant's favor on demurrer to the complaint, and while upon appeal from the judgment he might have raised these questions for appropriate consideration by this court, nevertheless we are of the opinion that such supposed defects in the information cannot be recognized as a ground for relief of the defendant in a *habeas corpus* proceeding directed against a judgment of the superior court. [3] "We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.*" (*Matter of Ruef,* 150 Cal. 666 [89 Pac. 605].) While this rule is not applied to courts of inferior, as distinguished from courts of general, jurisdiction, it does apply to the superior courts. (*Ex parte Greenall,* 153 Cal. 767, 770 [96 Pac. 804]; *Matter of Kavanaugh,* 180 Cal. 181 [180 Pac. 533].)

Disclaiming any intention to suggest or contend that the Corporate Securities Act as a whole is unconstitutional,

petitioner does contend that subdivisions 3 and 5a and 6a of section 2 are unconstitutional and void. The argument is that by the limits which they place upon the right of an individual person to sell or exchange a certain described kind of his own property, these provisions of the statute deprive one of his property without due process of law; are an unreasonable restraint upon the right of contract; are an unreasonable restraint upon trade and commerce; destroy the right of acquiring, possessing, protecting and alienating property; deny the equal protection of the laws as guaranteed under the fourteenth amendment of the federal constitution and under section 13 of article I of the constitution of California. And so it is contended that because the sale made by the defendant as charged in the information was by the charge limited to a particular kind of property, the free and uncontrolled sale of which (when sold by the owner) is lawful except as the above-mentioned portions of the statute attempt to make such sale unlawful, and because said provisions of the statute are void, a question is presented which may properly be considered in this proceeding. [4] It remains true, however, that if the defendant in selling the said property was acting as a broker, and did not have a broker's license, then he would be guilty of violation of the act. The information may have been defective, in failing to show all of these things; but it was an attempt to charge the commission of an offense, in the selling of property, in violation of the Corporate Securities Act. We, therefore, conclude that, as settled by the decisions to which we have referred, the remedy by *habeas corpus* is not available to petitioner.

The writ is discharged and the petitioner is remanded to custody.

Houser, J., and Curtis, J., concurred.