[Crim. No. 3711.   Second Dist., Div. Three.   Aug. 11, 1943.]

THE PEOPLE, Respondent, v. ETHEL WEISKOPF, Appellant.

Donald MacKay for Appellant.

Robert W. Kenny, Attorney General, Gilbert F. Nelson, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHAW, J. pro tem.—The defendant was charged by the amended information herein in four counts with the forging and uttering of four affidavits of birth relating to certain named persons. Copies of these affidavits were set forth in the information. She was found guilty on two of these counts and acquitted on the other two. She then made a motion in arrest of judgment and a motion for new trial, both of which were denied. She was placed on probation without the rendition of any judgment against her. She appeals from the orders denying her motions above mentioned. ■ The order denying her motion in arrest of judgment is not appealable (Pen. Code, sec. 1237), so the appeal therefrom must be dismissed.

On appeal she presents but two points: first, that the counts of the information on which she was convicted state no public offense because the affidavits set forth therein are not such writings as can be the subjects of forgery; and second, that the evidence is insufficient to support her conviction on either count.

■ The first point, as to the sufficiency of the information, cannot be considered on appeal from an order denying a new trial. (*People* v. *Lovlee,* (1939) 35 Cal.App.2d 554 [96 P.2d 177]; *People* v. *Duncan,* (1942) 50 Cal.App.2d 184, 186 [122 P.2d 587]; *People* v. *Darcy,* (1943) 59 Cal.App.2d 342, 346 [139 P.2d 118].) Assuming that the question whether the affidavits are such instruments as will support a charge of forgery may be raised under defendant's second point, insufficiency of the evidence, we have already decided it adversely to her. After defendant's conviction a writ of habeas corpus was issued in her behalf by this court, on the hearing of which the question presented was the sufficiency of these identical counts of the information to state a public offense, it being contended in behalf of the petitioner there that the affidavits set forth in the information were not instruments, the fabrication of which would constitute forgery. We held the information sufficient under the rule which governs in habeas corpus proceedings, and also expressed the opinion, which was perhaps obiter dictum there, that it would also be sufficient under the somewhat more liberal rule as to the scrutiny of defects which prevails on appeal. (*In re Parker,* (1943) 57 Cal.App.2d 388 [134 P.2d 302]. The difference in name is due to the fact that defendant was first prosecuted under the name of Parker, but later stated her true name to be Weiskopf.) That opinion we now adopt as expressing our

views on this appeal. Since the nature of the papers forged and the reasons for our decision that they support the charge are fully set forth in that opinion, we do not repeat them here.

On less than one page at the end of her brief, defendant states, very concisely and without argument, eight points of insufficiency of the evidence. These "points" might do for specifications of insufficiency of the evidence in a bill of exceptions but they are of no assistance to an appellate court looking for evidence bearing on these matters. We might very well pass them without consideration. (*People* v. *Purcell,* (1937) 22 Cal.App.2d 126, 129 [70 P.2d 706].) Most of them appear to be unimportant. The sufficiency of the evidence to show that defendant did falsely make and utter the instrument set forth in count I of the information with intent to defraud is not attacked. It is complained that there is no evidence that California Shipbuilding Corporation, which was to be defrauded, according to the information, is in fact a corporation. However, it was referred to in the evidence as employer of the witness whose affidavit of birth was forged, and a variance as to its status as corporation or other form of organization would be immaterial.

As to each affidavit it is objected that there was no evidence showing how the persons and corporations mentioned in the information could be defrauded by the instruments forged. These instruments could be used as a means of fraud and no further showing in that respect was necessary. (*In re Parker, supra,* 57 Cal.App.2d 388, 392 [134 P.2d 302].)

Count III alleges the forgery of the name of "Jose Riso" as affiant to an affidavit of birth, and defendant now says that there is no evidence that there was such a person or that defendant did not have authority to sign his name to the affidavit, or that she did sign it. The information indicates that the spelling "Riso" in this name is a typographical error for "Rios," for it shows this name is supposed to be that of the father of Edward B. Rios. The evidence confirms this, showing clearly that Edward B. Rios went to defendant to obtain an affidavit of his birth and told her that his father's name was "Jose Rios." Later he received this affidavit by mail. Obviously the intention of whoever prepared the affidavit which was alleged in count III and produced in evidence was to use the name "Jose Rios." Edward B. Rios testified that the signature to it was not that of his father and that the latter had been dead six years. There is no direct evidence

that defendant herself wrote the name, but if she did write it she could not have been authorized to do so by Jose Rios, who was dead, and if she did not write it she must have known that it was not signed or authorized by him. If she uttered the paper with this knowledge, the offense charged, which includes uttering, is sufficiently shown. While plaintiff's handwriting expert testified that he had no opinion whether defendant wrote this signature and her own name as notary appearing on the affidavit, the jury had before them a proven specimen of defendant's genuine handwriting, and were authorized to make their own comparison of this handwriting with that appearing on the affidavit. (Code Civ. Proc., sec. 1944; *Estate of Johnson,* (1927) 200 Cal. 299, 304 [252 P. 1049]; *People* v. *Storke,* (1900) 128 Cal. 486 [60 P. 1090]; *Castor* v. *Bernstein,* (1906) 2 Cal.App. 703 [84 P. 244].)

The exhibits have not been brought up in the record, so we cannot say from inspection what the result of such a comparison might be; we must, therefore, presume that it shows identity of handwriting on the two papers and thus supports the jury's finding.

The appeal from the order denying the motion in arrest of judgment is dismissed. The order denying a new trial is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.