[Crim. No. 741. Fourth Dist. Jan. 15, 1951.]

THE PEOPLE, Respondent, v. JAMES E. BROWN, JR., Appellant.

Ray Miller for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was tried before the court without a jury and found guilty of six counts in an information charging violations of section 11649 of the Elections Code. This section provides that:

"Every person who subscribes to any initiative, referendum or recall petition or to any nominating petition a fictitious name, or who subscribes thereto the name of another, is guilty of a felony and is punishable by imprisonment in the State prison for not less than one nor more than fourteen years."

The separate offenses charged related to the subscription by the defendant of six different names of fictitious persons to an initiative petition to legalize gambling in the State of California. Defendant was sentenced to imprisonment in the state's prison and he appeals from the judgment and order denying his motion for a new trial.

The principal contention of appellant is that since the instrument upon which the prosecution was based was not sworn to by him, it was not an initiative petition as defined by article IV, section 1, of the California Constitution and that the judgment of conviction should, therefore, be reversed.

From the record before us it appears that the defendant was employed to circulate the petition involved, and, after having subscribed fictitious names thereto, he returned it to the distributor's office, where he signed the affidavit attached thereto, stating therein that he was a registered elector; that he had solicited the signatures attached to the petition; that all the signatures were made in his presence and upon the dates shown and were solicited by him within the county; that to the best of his knowledge and belief, each signature was the genuine signature of the person whose "name it purports to be." The affidavit purports to be subscribed and sworn to before a deputy county clerk, who signed and delivered it to the county clerk's office, where the clerk's seal was affixed and the document filed.

It appears that six of the signatures listed on the petition were of fictitious names subscribed to the petition by the defendant and no claim was made by the defendant at the trial that the signatures were genuine.

The attorney general of the state prepared a title and summary of the initiative measure and a certificate of the Secretary of State was issued showing that the measure was received and filed in his office and was in due form as required by the provisions of article IV, section 1, of the California Constitution. The attorney general executed a certificate to the effect that the copies of the initiative measure attached to the certificate were identical with that of the draft of the measure submitted to him by the proponents and the measure was placed on the ballot as Proposition Six at the general election of November 7, 1950. The initiative measure in question qualified for the ballot and was substantially in the form prescribed by article IV, section 1, of the California Constitution.

The contention that the signing of the petition by the defendant was not done under oath and that, therefore, the document cannot be considered as a proposed initiative petition is without merit. Unquestionably, the defendant, when he returned the petition to the deputy county clerk, intended that the document was to be processed for filing with the county clerk and that the signatures attached thereto were to be used to qualify the measure for the ballot. The question of whether or not an oath was administered to the defendant is not material here. The defendant was not prosecuted for making a false oath to the document in question but for the signing of fictitious names thereto.

Section 11649 of the Elections Code was based on former Penal Code section 472a, which was in chapter 4, part 1, title 13 of the Penal Code, among the sections relating to forgery and counterfeiting. ▪ In the case of a forgery of an instrument it is not necessary that the forged writing create a valid and legally enforcible obligation in order to constitute the making of it a forgery. It is sufficient that it may possibly deceive another and was prepared with intent to deceive and defraud another. ▪ Where the writing alleged to have been forged shows on its face that it might be the means of fraud, no averments of extrinsic facts to show how this could be are necessary. (*In re Parker*, 57 Cal.App.2d 388, 391-392 [134 P.2d 302].)

As was said in *People* v. *McKenna*, 11 Cal.2d 327, 332 [79 P.2d 1065] :

"The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud.

(Sec. 470, Pen. Code.) Whether the forged instrument is one of a particular name or character or, if genuine, would create legal liability, is immaterial; the test is whether upon its face it will have the effect of defrauding one who acts upon it as genuine. (*People* v. *Gayle*, 202 Cal. 159 [259 P. 750]; *People* v. *Thorn*, 138 Cal.App. 714 [33 P.2d 5]; *People* v. *Munroe*, 100 Cal. 664 [35 P. 326, 38 Am.St. Rep. 323, 24 L.R.A. 33].) A deed which conveys no title may be the subject of forgery. (*People* v. *Baender*, 68 Cal.App. 49 [228 P. 536].)''

In a prosecution for perjury it is no defense that the oath was administered or taken in an irregular manner, or that the person accused of perjury did not go before, or was not in the presence of the officer purporting to administer the oath, if such accused caused or procured such officer to certify that the oath had been taken or administered. (Pen. Code, § 121.)

We are of the opinion that the instant petition with the signatures thereon and the statements in the affidavit signed by defendant attached thereto was a sufficient showing that the document as submitted by defendant to the deputy county clerk would have the effect of defrauding those who acted upon it as genuine. The record shows beyond doubt that defendant signed the fictitious names to the petition with intent to defraud. Under such circumstances, it is immaterial whether an oath was actually administered to him.

Defendant argues that the petition did not meet the qualifications of article IV, section 1, of the Constitution or the statutes in that no proof was adduced that the words ''Initiative Measure to be Submitted Directly to the Electors'' were printed across the top of the petition in 12-point black face type. The petition was introduced in evidence, and the certificate of the Secretary of State relating to the same measure in identical form shows that it met the qualifications of article IV, section 1, of the Constitution. The type used in the printing of the quoted title was substantially the same as specified in the Constitution and a substantial compliance with its provisions. (*California Teachers' Assn.* v. *Collins*, 1 Cal.2d 202, 204 [34 P.2d 134].)

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1951.